**PALMER v. UNITED STATES.**
No. 254–53.

United States Court of Claims.
June 8, 1954.

David W. Palmer, pro se.

Lawrence S. Smith, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff alleges in his petition that he became a Civil Service employee of the United States on July 13, 1929, as a Special Agent of the Treasury Department and served in such capacity continuously until January 15, 1945, a period of 15 years 6 months and 2 days. Plaintiff further alleges that on November 11, 1944, he received Treasury Department form 2249, dated October 13, 1944, signed by Joseph D. Noonan, Jr., Commissioner of Internal Revenue, indicating that he (plaintiff) was demoted and transferred from Investigator-in-Charge, Alcohol Tax Unit, Treasury Department, New Orleans, Louisiana, grade CAF–10, to Special Investigator, Newark, New Jersey, grade CAF–8. Plaintiff further alleges that the action by the Commissioner of Internal Revenue was designated a demotion but was in fact a removal from office as Investigator-in-Charge. Plaintiff further alleges that said removal was not made for reasons given in writing; that he did not have notice of same as required by law; that he was not given notice of any charges preferred against him; that he was not furnished with a copy of any charges preferred against him; that he was not allowed a reasonable time for personally answering said charges in writing; that copies of the charges, notice of hearing, answer, reasons for removal, and the order of removal were not made a part of the records of the proper department or office. Plaintiff further alleges that the employment from July 13, 1929, to January 15, 1945, was in law-enforcement work, a hazardous occupation. Plaintiff further alleges that subsequently he obtained another position with the General Accounting Office and was employed there from January 16, 1945, until March 31, 1950, as an investigator for the General Accounting Office in the office of the Comptroller General. That as of April 1, 1950, he was retired for reasons of disability, after having made application for such retirement. Plaintiff further alleges that since November 15, 1944, and until March 31, 1950, he has at all times been able, ready, and willing to perform all of his duties as Investigator-in-Charge, Alcohol Tax Unit, New Orleans, Louisiana, but that the defendant has refused to permit plaintiff so to do. On October 21, 1949, plaintiff requested the Civil Service Commission to place him on retirement effective May 1, 1950, pursuant to the provisions of section 691(d), which request was denied.

Plaintiff sues for the difference between the annuity he is now receiving based on disability retirement and that which he would receive if computed under the provisions of law relating to retirement of officers and employees who were engaged primarily in the investigation, apprehension, or detention of persons suspected or convicted of criminal offenses against the United States.

The case concerns section 1(d) of the Civil Service Retirement Act of May 29, 1930, 46 Stat. 468, as amended 62 Stat. 1221, as amended 63 Stat. 609, 5 U.S.C.A. § 691(d), which is as follows:

"Any officer or employee to whom this Act applies the duties of whose position are primarily the investigation, apprehension, or detention of persons suspected or convicted of offenses against the criminal laws of the United States (including any officer or employee engaged in such activity who has been transferred to a supervisory or administrative position) who is at least fifty years of age, and who has rendered twenty years of service or more in the performance of such duties (including the duties of a supervisory or administrative officer or employee) may, on his own application and upon the recommendation of the head of the department or agency in which he is serving, and with the approval of the Civil Service Commission, retire from the service; and the annuity of such officer or employee shall be equal to 2 per centum of his average basic salary for any five consecutive years of al-

lowance service at the option of such officer or employee, multiplied by the number of years of service, not exceeding thirty years. The Civil Service Commission shall, upon recommendation by the head of the department or agency involved, determine whether such officer or employee is entitled to retirement under this subsection. In making such determination, the Commission shall give full consideration to the degree of hazard to which such officer or employee is subjected in the performance of his duties, rather than the general duties of the class of the position held by such officer or employee."

The case is before us on plaintiff's motion for summary judgment, affidavits in support thereof, and defendant's motion to dismiss together with affidavit and exhibits attached.

We feel that the inclusion of the affidavit and exhibits to the defendant's motion transforms it into a motion for summary judgment rather than a motion to dismiss, and we will so treat it.

The questions presented by the defendant's motion to dismiss, *i. e.*, cross-motion for summary judgment, are (1) whether plaintiff's claim is barred by the statute of limitations, and (2) whether plaintiff has stated a claim upon which relief can be granted. We believe that a ruling on these questions will be decisive of the issues here involved.

■ The crux of plaintiff's claim is that his demotion which became effective in December 1944, was in reality a wrongful removal and that if he had not been so removed he could have continued in work involving the investigation, apprehension, or detention of persons suspected or convicted of criminal offenses against the United States. He contends that had this been so, instead of retiring for disability he could have retired pursuant to the provisions of section 691(d) of the Civil Service Retirement Act, supra. Under plaintiff's theory of recovery, his claim first accrued when he was

allegedly wrongfully removed in December 1944. His petition was filed July 13, 1953, *almost nine years subsequent to his removal*. Any claim based on that alleged removal is now barred by the six-year statute of limitations, 28 U.S.C. § 2501 (1952 ed.); Harmon v. United States, 124 Ct.Cl. 751; Gray v. United States, 124 Ct.Cl. 313.

In the case of Gray v. United States, supra, the court said, 124 Ct.Cl. at page 314:

"It has been repeatedly held that the pendency of administrative proceedings does not toll the statute, * * *"

The decision in the Harmon case, supra, follows that of the Gray case. In this case the statute was not suspended until plaintiff exhausted his various administrative remedies which ended, by his allegation, on November 27, 1950.

If plaintiff's position is correct that he was unlawfully removed, perhaps he would be entitled to the difference in pay between what he received and what he would have received had he not been demoted. In this case plaintiff took other employment at the same pay with the General Accounting Office and suffered no loss. However, notwithstanding plaintiff's claim of unlawful removal, and assuming he was entitled to the loss in pay, he could not recover in this action because he still would not have served the actual time in investigative work as required by section 691(d) of the act.

Under that statute he must have served at least 20 years in work involving the investigation, apprehension, or detention of persons suspected of criminal offenses against the United States. He must then be considered for such retirement by the head of the department or agency and the Civil Service Commission must approve the retirement giving full consideration to "the degree of hazard" to which he was subjected.

■ Plaintiff's alleged service with the Treasury Department, which was of the type required for retirement under

section 691(d), amounted to 15 years 6 months and 2 days. It is thus obvious that plaintiff did not serve 20 years in the type of work required to qualify for retirement under section 691(d). Having failed to serve the full 20 years he has failed to state a claim upon which relief can be granted.

The plaintiff's motion for summary judgment is overruled and the defendant's motion to dismiss, *i. e.*, cross-motion for summary judgment, is sustained.