**Kendall Gordon PARKER**

v.

**The UNITED STATES.**

**No. 297–71.**

United States Court of Claims.

June 16, 1972.

Calvin H. Childress, Norfolk, Va., attorney of record for plaintiff; Kelberg & Childress, and Leonard D. Levine, Norfolk, Va., of counsel.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, and KUNZIG, Judges.

SKELTON, Judge.

This case is before us on cross-motions for summary judgment. Plaintiff enlisted in the Navy on March 15, 1968, after having served for more than six years in the Air Force. While serving in the Air Force, plaintiff reenlisted and received a reenlistment bonus of $496.00. The standard "Order to Enter Account," which was filed when plaintiff enlisted in the Navy on March 15, 1968, erroneously indicated that plaintiff had never received a reenlistment bonus.

On January 6, 1970, plaintiff, then a radioman second class, requested permission to reenlist in the Navy for career designation under the Selective Training

and Reenlistment (STAR) program, as set forth in BUPERS Instruction 1133.-13D (May 15, 1969).[1] Said instruction implemented the statutory authority conferred upon the Secretary of Defense by 37 U.S.C. § 308 (1964), and as amended (Supp. IV, 1965–68), which provides in pertinent part:

§ 308. Special pay: reenlistment bonus.

(a) Subject to subsections (b) and (c) of this section, a member of a uniformed service who reenlists in a regular component of the service concerned within three months after the date of his discharge or release from compulsory or voluntary active duty (other than for training), or who voluntarily extends his enlistment for at least two years, and who is not covered by section 207 of the Career Compensation Act of 1949, as amended (70 Stat. 338), is entitled to a bonus computed as follows:

| Reenlistment involved [1] | Column 1 Take— | Column 2 Multiply by— |
|---|---|---|
| First | Monthly basic pay to which member was entitled at the time of discharge or release. | Number of years specified in reenlistment contract, or six, if none specified. |
| Second | Two-thirds of the monthly basic pay to which the member was entitled at the time of discharge or release. | Do. |
| Third | One-third of the monthly basic pay to which the member was entitled at the time of discharge or release. | Do. |
| Fourth (and subsequent). | One-sixth of the monthly basic pay to which the member was entitled at the time of discharge or release. | Do. |

[1] Any reenlistment when a bonus was not authorized is not counted.
[Footnotes 2 through 5 omitted.]

* * * * * *

(c) The total amount that may be paid to a member under this section, or under this section and any other law authorizing a reenlistment bonus, may not be more than $2,000.

* * * * * *

(g) Under regulations to be prescribed by the Secretary of Defense, or the Secretary of the Treasury with respect to the Coast Guard when it is not operating as a service in the Navy, a member who is designated as having a critical military skill and who is entitled to a bonus computed under subsection (a) of this section upon his *first reenlistment* may be paid an additional amount not more than four times the amount of that bonus. The additional amount shall

I. BUPERS INSTRUCTION 1133.13D

* * * * *

"1. Purpose. To establish a program of Selective Training and Reenlistment incentives for qualified career motivated enlisted men.

"2. * * * * *

"3. Background. The Navy has increasing requirements to retain greater numbers of high quality enlisted personnel in career service. Our increasing requirements for formal training require that to the maximum extent possible the training investment be made in career motivated men. The STAR Program is designed to encourage greater numbers of qualified enlisted personnel to become career petty officers through a program of career designation. The incentives in the STAR Program are available to qualified personnel in all ratings."

* * * * *

be paid in equal yearly installments in each year of the reenlistment period. However, in meritorious cases the additional amount may be paid in fewer installments if the Secretary concerned determines it to be in the best interest of the members. An amount paid under this subsection does not count against the limitation prescribed by subsection (c) of this section on the total amount that may be paid under this section. As amended Pub.L. 89–132, § 3, Aug. 21, 1965, 79 Stat. 547; Pub.L. 90–623, § 3(1), Oct. 22, 1968, 82 Stat. 1314. [Emphasis supplied.]

Among the incentives for reenlistment under the STAR program were (1) a reenlistment bonus, and (2) a variable reenlistment bonus, if eligible.

In reviewing plaintiff's service record, the personnel who processed plaintiff's request for the STAR program failed to notice the recorded fact that plaintiff had previously received a reenlistment bonus of $496.00 from the Air Force. On February 25, 1970, the Bureau of Naval Personnel approved plaintiff's request for the STAR program.

On March 17, 1970, plaintiff reenlisted in the Navy for an additional six years. The reenlistment contract indicated in item 48: "BONUS: Yes VRB–6." Plaintiff was paid $3,333, comprised of a first reenlistment bonus of $2,000 and $1,333 as the first of six annual installments of a total variable reenlistment bonus of $8,000.

Shortly after plaintiff had received the $3,333, the Navy discovered that plaintiff had previously received a reenlistment bonus. Consequently, the Navy determined that plaintiff's March 17, 1970, reenlistment was in fact the second reenlistment for which plaintiff was paid a bonus. Therefore, the Navy took the position that plaintiff was not entitled to a first reenlistment bonus on his last reenlistment, which also meant that he was not eligible to receive a variable reenlistment bonus. The Navy instituted proceedings to recoup the alleged overpayment by withholding $30 per month from plaintiff's basic pay. After recouping $165 in this manner and upon the application of plaintiff, the Chief of Naval Personnel forgave the balance of the alleged indebtedness.

Plaintiff filed suit in this court on April 15, 1971, claiming entitlement to the regular and variable reenlistment bonuses. He seeks recovery in the amount of $10,000 ($2,000 plus $8,000), less the amount he has already been paid and which has not been recouped.

It is not disputed by defendant that plaintiff is entitled to a cumulative regular reenlistment bonus of $2,000. *See* 37 U.S.C. § 308(a), (c), *supra*. Defendant correctly points out that plaintiff has already received that bonus and more, since he has retained an amount in excess of $2,000 and the Navy has forgiven the remainder of the alleged overpayment. What is actually in dispute is plaintiff's entitlement to the variable reenlistment bonus under the provisions of 37 U.S.C. § 308(g), *supra*.

In order to qualify for a variable reenlistment bonus under subsection (g), plaintiff must, among other things, be entitled to a regular reenlistment bonus under subsection (a) upon his first reenlistment. Thus, the issue is whether plaintiff's reenlistment in the Navy was his *first* reenlistment within the meaning of the statute. In other words, is plaintiff's reenlistment in the Air Force for which he was paid a bonus to be taken into account, thereby making plaintiff's reenlistment in the Navy not his first, but rather his second reenlistment?

The court has reviewed the administrative practice and the legislative history under section 308 and we have come to the conclusion that both strongly support the Navy's interpretation of the statute.

The predecessor statute to section 308 was section 208 of the Career Compensation Act of 1949, 37 U.S.C. § 239 (Supp. V, 1952), as added by section 2 of the Act of July 1954, 68 Stat. 488. A

similar problem of interpretation arose under the predecessor statute. The Comptroller General was faced with a factual situation wherein a serviceman had enlisted in the Air Force, reenlisted in the Air Force, and, subsequently after discharge, enlisted and reenlisted in the Army. The question presented was whether the prior reenlistment in the Air Force rendered the reenlistment in the Army a second reenlistment for the purposes of computing the regular reenlistment bonus under the subject statute. The Comptroller General ruled that, any reenlistment in a uniformed service, for which a bonus was paid, must be considered in the determination of the number of any subsequent reenlistments in the same or any other branch of the service. 36 Comp.Gen. 786 (1957).

The legislative history of section 308 reveals that the purpose and intent of the statute was not merely to induce persons with critical military skills to reenlist, but also to induce such persons to make the military their career. *See* H.R. 9075, 89th Cong., 1st Sess. 17188, 17201, 17203, 17206, 17209 (1965). The defendant also cites hearings on H.R. 5725, 8714 Before the House Comm. on Armed Services, 89th Cong., 1st Sess. 2560–61, 2628–29, 2643, 2705 (1965).

To accomplish this purpose the incentive of the variable reenlistment bonus was specifically aimed at the serviceman's critical decision making point, *i. e.*, the decision of whether or not to reenlist after the *first* term in the military. It was thought that there was no need for a variable reenlistment bonus as an incentive for reenlistments subsequent to a first reenlistment, since it was normally expected that after a first reenlistment it was likely that a serviceman had already decided upon the military as a career. *See* 1965 U.S.Code Cong. & Admin.News at pp. 2748–49.

■ The court holds that, prior reenlistments in any branch of the uniformed services for which a bonus was paid must be considered in determining whether or not a current reenlistment is a first reenlistment within the provisions of section 308(g). The issue before us is one of statutory interpretation and the plain words of the statute offer us little guidance. However, we believe that our interpretation is in consonance with the intent and purpose of the statute as reflected in the legislative history. We are also mindful of the fact that the decision of the Comptroller General, *supra*, which decided a similar matter under an interpretation of the predecessor statute, was at least tacitly approved by Congress in enacting the statute presently before us.

■ In anticipating the court's ruling on the interpretation of the phrase "first reenlistment" in section 308(g), plaintiff has also argued that, even if his reenlistment in the Navy is deemed a second reenlistment, he is still entitled to recover on the ground of estoppel. That is, plaintiff alleges that he was induced to reenlist by the promise of, among other things, a variable reenlistment bonus of $8,000 and the government should be estopped from denying him that bonus. It is true that plaintiff was so induced and he relied on such promise to his detriment. It is also true that this whole controversy is due to the clerical error of the Navy. Plaintiff is in no way at fault. Regardless, however, and notwithstanding the equities which are clearly on the side of the plaintiff, this is not a proper case in which the doctrine of estoppel may be invoked against the government. It matters not that a high official in the Navy may have represented to plaintiff that he was entitled to a variable reenlistment bonus, nor that the reenlistment contract so provided, as no official in the Navy had the authority to nullify or contradict the mandate of a statute. We have already determined that, as a matter of law, plaintiff was not eligible to receive a bonus under section 308(g). This being so, the doctrine of estoppel cannot be invoked. *See* Montilla v. United States, 457 F.2d 978, 198 Ct.Cl. (1972), decided April 14, 1972, and authorities discussed and cited therein.

**810**

Accordingly, plaintiff's motion for summary judgment is denied, defendant's cross-motion for summary judgment is granted, and plaintiff's petition is dismissed.

DAVIS, Judge (concurring):

In joining the opinion, I stress that, as the court points out, the representations made to plaintiff were directly contrary to the mandate of the statute. In that situation I have no doubt that estoppel cannot be invoked. Montilla v. United States, 457 F.2d 978, 198 Ct.Cl. (1972), may well have involved, in my view, a misrepresentation by the Government's agent of fact or possibly of mixed-fact-and-law (rather than a pure misrepresentation of a statutory requirement). I am not certain whether or not estoppel applies to such a misrepresentation and that is why I wrote separately in *Montilla*.