Davis, Judge,
dissenting in part:
This limitations problem has occasioned much deliberation, and the result is Judge Bennett’s admirable opinion for the court, carefully keying the present decision to our prior reported rulings,[1] and explaining its rationale.
I think that the opinion is consistent with the court’s earlier holdings in the limitations field (except as indicated in note 1, supra). My understanding of the underpinning of Palmer v. United States, 129 Ct. Cl. 322, 121 F. Supp. 643 (1954), and Hames v. United States, 164 Ct. Cl. 746, cert. denied, 377 U.S. 904 (1964), is that a plaintiff suing for retirement pay (military or civilian) cannot go into the lawfulness of an adverse administrative action (removal or demotion) which accrued more than 6 years before commencement of suit if there is some statute indicating that Congress wanted the retired individual to have actually served the number of years required for retirement, or showing that Congress desired a particular administrative body to decide, on a discretionary basis, whether the plaintiff had earned or merited the particular type of retirement. In Palmer the court interpreted the “hazardous duty” retirement statute as requiring at least 20 years actual investigative work, and the opinion also indicated (129 Ct. Cl. at 326, 121 F. Supp. at 645) that under that statute the head of the department and the Civil 'Service Commission had substantial discretion to determine whether the employee deserved that kind of retirement. In Hames, there was a statute flatly disallowing credit “for any period of separation from the *541 service in excess of three calendar days”, which we interpreted as requiring the Civil ¡Service Commission to leave out of account all periods of removal unless the employee had brought a timely action to set aside the removal as alleged. Eather than being based solely on limitations, both Palmer and Homes rested on a combination of limitations together with failure to state a claim for relief — i.e., the substantive statute which the Government invoked as a defense prevented the claimant 'from having a proper claim for retirement pay unless he 'had timely brought suit to overturn the prior adverse administrative action. Under that rule, the question in each case is whether there is any substantive legislation or regulation (apart from the statute of limitations) which suggests that Congress would want the claimant not to wait 'until his retirement to test some prior adverse action.
As I see it, Sauer v. United States, 173 Ct. Cl. 642, 354 F. 2d 302 (1965), and Oceanic S.S. v. United States, 165 Ct. Cl. 217 (1964), are consistent with this Pabner-Hames rationale. In Sauer, the F.B.I. retirement pay had all been earned before the plaintiff transferred, and the court did not think that there was any statute or regulation (as there was in Palmer and Homes) implying that Sauer had to bring a suit within six years (or earlier) of his transfer to this court (or of the refusal of our Clerk to credit that prior leave) to test the refusal to credit the leave. In Oceanic the situation was the same; there was no statute or regulation suggesting or calling for an earlier inquiry into the disputed substantive issue; on the contrary, the court thought that the applicable regulations were clear that the claimant did not have to sue until after a “final accounting” 'had been made by the defendant.
Although the court’s decision in this case harmonizes with Pálmer-Hames-Sauer-Oceanic, I depart from it, with some hesitation, because, unlike the majority, I do not see the military retirement statutes in the same light as the “hazardous duty” retirement legislation 'in Palmer or the statutory requirement in Homes that creditable service be actually served. I would avoid holding that in the military retirement system *542 Congress has laid down the Procrustean requirement that the 20 years (or more) be actually served in all cases, except where suit is brought within 6 years of the adverse action. Congress did not say explicitly that the service had to be “actual” in all instances, and we have some leeway in inferring an intention to recognize “constructive” service where appropriate.
The hypothetical case which mainly troubles me is that of a serviceman who has been told by an official that he has enough years or points or credits for retirement, and, on the basis of that assurance, does not sue to set aside an early adverse action because he thinks that, apart from that adverse action, he still has enough eligibility for retirement; on retirement he suddenly discovers that the earlier representation was mistaken and that, in order to be eligible at all, he does have to overturn the prior adverse action. Under our recent decisions in Montilla v. United States, 198 Ct. Cl. 48, 457 F. 2d 978 (1972) and Parker v. United States, 198 Ct. Cl. 661, 461 F. 2d 806 (1972), the claimant could probably not say that the Government was estopped. If we apply the majority’s rule, it is hard to see how an exception could be made for this potential case; limitations is not a doctrine like laches which can be tailored to fit particular circumstances.[2]
To avoid such possible injustices, it seems to me preferable to hold that the claim for retirement pay does not accrue until retirement, and to rely on the equitable principles of laches — which apply to military pay cases, Cason v. United States, 200 Ct. Cl. 424, 471 F. 2d 1225 (1973) — to fend off stale claims and stale issues. A plaintiff who needlessly waited 20 years or so would find himself locked out by laches.
In this particular case, the time-lag was short, and there appears to have been no prejudice to the Government by the delay, and accordingly I would hold laches not to be a bar. On the merits, I would hold for plaintiff but withhold giving my reasons since the court does not reach that issue.[3]

 I regret that the court does not acknowledge that It Is overruling the unpublished order in Rynerson v. United States, No. 57-71, dated November 11, 1971. Though It did not happen to be reported, the Rynerson order, which was unanimous, came after oral argument and consideration by the then full court.

 10 U.S.C. §§ 1331(d) and 1406 do not apply before October 1966, and, even after that date, do not apply to adverse actions reducing tbe number of years of creditable service upon whicli retired pay is computed.

 My dissent relates solely to the claim for retirement pay. I agree with the court as to active-duty pay.