Nichols, Judge,
dissenting:
I had written an opinion for the court, coming to a conclusion opposite to that of Judge Bennett, as to retirement pay but apparently mine was convincing only in a negative sense. It would be standard procedure to use it as a dissent, or the starting point for one, but I refrain from doing so here. Much of it discusses the reasons why Lindbergh Kirby’s discharge was illegal. The court says plaintiff’s arguments are “challenging” which is perhaps an understatement, but I am not sure it is proper to publish comments which might have precedential value about the merits of a case the court holds it lacks jurisdiction to decide.
As to the statute of limitations, the court is plainly wrong in asserting it is not stating a new rule, citing Hames v. United States, 164 Ct. Cl. 746, cert. denied, 377 U.S. 904 (1964) and Palmer v. United States, 129 Ct. Cl. 322, 121 F. Supp. 643 (1954). Harms is cited just because it cites Pcd/rmr. Palmer is the important decision. The court correctly states the facts therein, and correctly summarizes the holdings. It is clear the ground, as to hazardous duty, is a valid reason for the decision. You cannot constructively earn a hazardous duty annuity, but can only do so by performing twenty years of hazardous duty. As the court concedes, however, that rule is not relevant here, because it is possible to earn constructively an annuity of the type plaintiff here lays claim to. Palmer’s other ground, the statute of limitations, is plainly wrong. The original papers, retrieved for me from the [Records Depository, show that Palmer had no money claim rising out of his unlawful demotion. After a brief period, he transferred to another Government agency at his old pre-demotion salary. He applied to the GAO, which paid him all he had lost while the demotion was in effect. Hé was not out of pocket one cent at that point. The published opinion in Palmer does not indicate the court was unaware of this. In saying that the demotion started our statute (28 U.S.C. § 2501) running, it must have had in mind that Palmer could have sued for a declaratory judgment, or mandamus. In Sauer v. United States, 173 Ct. Cl. 642, 354 F. 2d 302 (1965), obviously a more carefully considered decision, we held that the possibility of seeking remedies outside the Court of Claims, such as declara *544 tory judgment or mandamus, does not start § 2501, tbe Court of Claims statute, running. Only the availability of a money claim does that. I consider that Sauer overrules the Palmer holding on the statute of limitations, and Palmer should not be cited here unless the court is prepared to reinstate it and overrule Sauer. You can’t treat a decision holding one thing and a decision holding the opposite, as 'both valid and binding authorities. Not only is Palmer bad law, but so is Mames in citing Palmer to dispose summarily of a claim that could have been thrown out for several other reasons.
I would have held that an unlawfully discharged soldier could waive his claim for active duty pay and sue for his annuity when, as here, he would have earned it within his current enlistment, and the right to the annuity accrued less than six years before the suit was 'brought. If the majority will candidly concede they are fashioning new law, I will likewise concede I would have been if my view had prevailed. The fact is, the problem is one that, except once, we had not faced up to before. I thought that the careful analysis of the consequences of § 2501 in Oceanic S. S. Co. v. United States, 165 Ct. Cl. 217, 225 (1964) and in Sauer, supra, pointed the way to my conclusion.
I also believed we had put our foot squarely on that path by reason of an order approved by a unanimous court, holding as stated above, in course of remanding a case for trial before a Commissioner. By some unhappy inadvertence, the order was not abstracted and published in the back of one of our official volumes, as important orders usually are. In the circumstances, I strongly defend the right of the majority herein not to cite or discuss this order, still less to feel bound by it. The citation of unpublished decisions is widely condemned, and justly so in my opinion. Its unfairness is illustrated by this case: Government counsel herein was aware of the order, but Lindbergh Kirby’s counsel was not. I mention it, not to refute the majority, but to explain the evolution of my own position. But for it, I would never have had a strong and fixed attitude about the law applicable to this case, and I must now make a conscious effort to remove it from my mind.
*545 Putting Palmer and Anonymous, then, both out of mind, we have an issue that should be approached as res integra. It is understandable for experienced judges to be concerned about stale claims. Despite all that 28 U.S.C. § 2501 can do, and the related, anomalous, but well established doctrine of laches in pay cases, we face many situations where we must inquire into happenings that are ancient history to many now living. The Government Eecords Disposal Program creates a constant hazard that facts will have to be found on the basis of documents that once existed but do so no longer. As an example of the problem Small v. United States, 200 Ct. Cl. 11, 470 F. 2d 1020 (1972), will serve. Some of our judges thought our oaths required us to investigate matters occurring as far back as 1951 (nineteen years before suit was brought) despite the Government’s good faith destruction of all records directly relating thereto. It is understandable to shy away from a construction of 28 U.S.C. § 2501 which would add another class of such cases to those we already have. Regarding the prevailing opinion as a legislative document, it is carefully considered, thorough, and I would say, irrefutable on its own terms.
My own attitude is, however, that the writing of statutes of limitations, though necessary, is a function of legislatures, not of courts. The Government’s consent to be sued is, of course, strictly construed, but we have, I think, endeavored to read 28 U.S.C. § 2501 in a manner that is fair to claimants too. I think courts should indulge a presumption in favor of their own jurisdiction, and be reluctant to deny anyone his day in court unless lack of jurisdiction is clearly the legislative will. Cf. Charlson Realty Co. v. United States, 181 Ct. Cl. 262, 384 F. 2d 434 (1967), as an interesting example of judicial struggle with these principles.
Denial on the basis of subsidiary, judge-made encrustations on the statute is a form of judicial legislation. I would employ laches to defeat claims when the unexcused lapse of time in suing has worked real unfairness to the Government. It may be noted, however, that the records in Lindbergh Kirby’s case have survived and his delay in suing has not really hurt anyone but himself.
*546 Thus, even if a legislature which foresaw Kirby’s claim would have provided against it, unless his suit was timely in Judge Bennett’s terms, I would not now do the legislature’s work. I would hold the plaintiff not barred by 28 U.S.C. §2501, and entitled to summary judgment in his favor on the cross motions, with respect to retirement pay only.