This is a civilian pay case in which a former employee of the Veterans Administration, suing for backpay, challenges his discharge from a position to which he was admittedly improperly appointed because of the government’s error. The defendant has moved for summary judgment, asserting that the plaintiff has not stated a valid claim for relief and that the suit is barred by the plaintiffs failure to exhaust his administrative remedies. We agree with the government on the first ground and therefore dismiss the petition without reaching the exhaustion-of-administrative-remedies issues.
After enlisting in the Army National Guard in June 1974, the plaintiff served on active duty for 4 months and 8 days. After that duty ended, the Veterans Administration *719 appointed him as a warehouseman in August 1975. The agency gave the plaintiff a veterans readjustment appointment (although it did not tell him it was doing so) pursuant to 38 U.S.C. § 2014 (1976). Under this statute and the implementing regulations, a person who served on active duty with the Armed Forces for more than 180 consecutive days after January 31, 1955, could be appointed to an excepted position, i.e, without meeting the normal qualifications for a tenured civil service position. 5 U.S.C. § 2108(1), 38 U.S.C. § 2014, 5 C.F.R. §§ 307.101-.106 (1978). See also Exec. Order No. 11,521, 35 Fed. Reg. 5311 (1970). A person appointed to such a position has no civil service protection against adverse agency action for the first year (5 C.F.R. § 752.103(a)(6)), but receives such protection after one year of continuous employment. 5 C.F.R. § 307.105. After 2 years of substantially continuous service, "the employing agency shall convert his appointment to career or career-conditional appointment.” 5 C.F.R. § 315.703b(a)(2). The regulations further provide that "[a]ny law, executive order, or civil service rule or regulation which would disqualify an applicant for appointment shall also disqualify an employee for conversion of his employment to career or career-conditional under this subpart.” 5 C.F.R. § 315.704.
When the plaintiff was interviewed for his job at the Veterans Administration, he presented his record of military service, which showed only 4 months and 8 days of active duty. The plaintiff therefore was not eligible for a veterans readjustment appointment. The Veterans Administration official who interviewed him apparently overlooked this fact, and the plaintiff received the excepted appointment for which he was not qualified.
More than 2 years later, in September 1977, the Veterans Administration discovered that the plaintiff had not had 180 days of active military duty. After giving the plaintiff notice and considering his reply, in November 1977 the Veterans Administration removed the plaintiff from his position because he had not met the requirement for the veterans readjustment appointment he had received more than 2 years earlier.
*720 On the same day the Veterans Administration gave the plaintiff a temporary appointment for one year as a warehouseman. With the assistance of the Veterans Administration, the plaintiff attempted to find another position during that period. He was unsuccessful, however, because he did not qualify for certain positions due to his nonveteran status, he was unable to pass the necessary tests, or the particular position for which he was qualified had no vacancies. At the end of the year, the plaintiffs temporary position was terminated, and he was discharged.
The plaintiff does not and could not deny that under the statute and governing regulations the Veterans Administration had no authority to give him the veterans readjustment appointment it did in 1975, because the plaintiff did not meet an essential requirement for that appointment, namely, that he had served 180 days on active military duty. Instead, he argues that in view of all of the circumstances of this case, the government now should be estopped from asserting that the appointment was invalid. He points out that the invalidity of the appointment resulted solely from the government’s error, that he had not made any misrepresentations or concealed anything in obtaining the position, that he had not sought a veterans readjustment appointment, and indeed, was not aware that he was receiving one, that during the 2 years he served in the agency his work was satisfactory, that after such time he should have been given a permanent appointment, and that he had refrained from seeking other employment while at the Veterans Administration on the assumption that he had a permanent position there.
Whatever may be the proper scope of the doctrine of estoppel when invoked against the United States, which the parties sharply contest, one thing is clear. There has been
no case where an officer or agent of the government. . . has estopped the government from enforcing a law passed by Congress. Unless a law has been repealed, or declared unconstitutional by the courts, it is a part of the supreme law of the land and no officer or agent can by his actions or conduct waive its provisions or nullify its enforcement.
*721 Montilla v. United States, 198 Ct. Cl. 48, 64, 457 F.2d 978, 987 (1972). See also, Parker v. United States, 198 Ct. Cl. 661, 461 F.2d 806 (1972), where, in holding that the plaintiff was not entitled to receive a reenlistment bonus that a statute prohibited, we ruled that the government was not estopped from denying liability even though the plaintiff had been induced to reenlist by the promise of the bonus. We stated (198 Ct. Cl. at 667, 461 F.2d at 809):
It is true that plaintiff was so induced and he relied on such promise to his detriment. It is also true that this whole controversy is due to the clerical error of the Navy. Plaintiff is in no way at fault. Regardless, however, and notwithstanding the equities which are clearly on the side of the plaintiff, this is not a proper case in which the doctrine of estoppel may be invoked against the government. It matters not that a high official in the Navy may have represented to plaintiff that he was entitled to a variable reenlistment bonus, nor that the reenlistment contract so provided, as no official in the Navy had the authority to nullify or contradict the mandate of a statute. We have already determined that, as a matter of law, plaintiff was not eligible to receive a bonus under section 308(g). This being so, the doctrine of estoppel cannot be invoked.
These two cases control the present one. Since Congress determined that only persons who served on active duty with the military for more than 180 days were entitled to a veterans readjustment appointment, the Veterans Administration had no authority to give plaintiff (who had not so served) such an appointment. Just as in those cases, no official of the Veterans Administration could "waive . . . [the statute’s] provisions or nullify its enforcement” (Montilla) or "nullify or contradict the mandate of a statute” (Parker). Although here, as in Parker, the plaintiff was "in no way at fault” and the equities "are clearly on the side of the plaintiff, this is not a proper case in which the doctrine of estoppel may be invoked against the government.”
It is immaterial that under the regulations the holder of a veterans readjustment appointment is entitled to have it converted to a permanent appointment after 2 years of service, and that the plaintiff was not so treated. Since the *722 plaintiffs initial appointment was illegal, he was not entitled to have it converted to a career one. The regulation explicitly so provides. 5 C.F.R. § 315.704, quoted supra p. 719.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.