Plaintiff is the widow of Major William M. Adkins who retired from the United States Air Force on May 31, 1967. She seeks to become a beneficiary under the Government’s Survivor Benefit Plan (SBP), 10 U.S.C §§ 1447-1455 (1976). She asks the court to direct defendant to correct her husband’s military records to show that prior to his death in a railroad crossing accident, on September 14, 1973, he elected to participate in the SBP. She petitions for the money she would have been entitled to had the deceased actually filed the required election by the deadline for doing so on September 21, 1973. Plaintiff claims it was the deceased’s intention to make the election but that it was thwarted by the accident.
On September 19, 1979, plaintiff requested similar relief from the Air Force Board for the Correction of Military Records. The board considered the evidence and denied the application in a written opinion on April 2, 1980. In July 1980 plaintiff brought suit in the United States District Court for the Middle District of Florida. The amount claimed exceeded the $10,000 jurisdictional ceiling of that court which then transferred the claim to the Court of Claims. Plaintiff filed the present petition on January 12, 1981.
Defendant moves to dismiss the petition as presenting a claim barred by our 6-year statute of limitations, 28 U.S.C. § 2501 (1976), or, alternatively, defendant contends that the court lacks jurisdiction to entertain the claim because the deceased never filed the proper election to participate in the SBP, whatever his intention may have been. We grant the motion since it is clear that the claim did not come even to the district court within the 6-year period allowed by Congress for filing suit. The filing of an application with the correction board did not toll the statute of limitations as this was a permissive, not a mandatory remedy. Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977).
Except in disability retirement cases, where entirely different rules apply, the statute of limitations begins to run when all the events have occurred which determine the liability of the Government and entitle the claimant to *717 initiate an action. Ramsey v. United States, 215 Ct. Cl. 1042 (1978), cert. denied, 439 U.S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527, 539 (1973), cert. denied, 417 U.S. 919 (1974). In this case, plaintiff could have brought suit upon the death of her husband, September 14, 1973, instead of over 6 years later in 1980. Plaintiff contends that defendant should be estopped from asserting limitations because some unidentified person representing the Air Force misled her about asserting her legal rights and that this accounted for her delay. Of course, we cannot give any weight to this argument, absent even an allegation that such a person had authority to bind defendant in the matter. Estoppel cannot be invoked where representations were either without authority or contrary to statute. Montilla v. United States, 198 Ct. Cl. 48, 457 F.2d 978 (1972); Parker v. United States, 198 Ct. Cl. 661, 461 F.2d 806 (1972). There is no triable issue here.
Since the statute of limitations is a threshold issue to our jurisdiction, it is unnecessary to reach any other arguments advanced by the parties.
IT IS THEREFORE ORDERED that, upon consideration of the defendant’s motion to dismiss, the response thereto, and the exhibits, including the opinion of the correction board, without oral argument, the motion is granted. The petition dismissed.