Bennett, Judge,

delivered the opinion of the court:
The plaintiff is a former Air Force master sergeant who on October 12,1971, brought this suit pursuant to 28 U.S.C. § 1491 in an attempt to recover active duty back pay and allowances and retired pay and allowances denied him as a result of an alleged illegal discharge he received from the Air Force on May 2, 1963. The court concludes with respect to the active duty pay claim that the plaintiff’s petition must be dismissed as outside our jurisdiction for having failed to hurdle the threshold issue of the 6-year statute of limitations (28 U.S.C. § 2501). With respect to the retired pay claim the petition must likewise be dismissed for failure to state a cause of action upon which relief can be granted. The pertinent facts follow:
The plaintiff first enlisted in the Army in June 1946. He transferred to the Air Force soon thereafter when that branch evolved from the Army Air Corps. Plaintiff served nearly continuous enlistments from June 1946 to May 2,1963, at which time he received an honorable discharge from the Air Force.[1] Prior to his discharge, the plaintiff had served 16 years, 6 months and 23 days of creditable active duty. At the time of his discharge the plaintiff was in the process of serving a 6-year enlistment that had begun on July 10,1961. Had he served through the full term of this last enlistment, he would have been eligible for retirement, having credit for more than 20 years of active service.
The discharge plaintiff received in May of 1963 grew out of an incident that occurred on November 21,1962. On that date the plaintiff was arrested by the civilian authorities in Homestead, Florida, for having committed an undenied act of indecent exposure on the streets of that city. The civilian authorities released the plaintiff to the local Air Force authorities, He was admitted as a patient on November 23,1962, at the Homestead Air Force Base hospital. On November 27, 1962, he was transferred to the hospital at Eglin Air Force Base for in-patient treatment and psychiatric evaluation. The results of the medical evaluations led to plaintiff’s eventual discharge on the grounds of unsuitability, but only after *531 a number of recommendations and opinions were received at discharge board proceedings. It is the conduct of these proceedings which the plaintiff alleges violated Air Force regulations and which, therefore, rendered his discharge invalid. The arguments presented by the plaintiff in this regard are challenging, but the court cannot now 'accept them as dis-positive because plaintiff has slept on his rights to challenge the alleged irregularities within the time allowed by the statute of limitations for a judicial test.
Any examination of the applicability of the statute of limitations to a given set of facts should begin with the language of the statute itself. This statute, 28 Ü.S.C. § 2501, bars the .Court of Claims from taking jurisdiction over a claim “unless the petition thereon is filed within six years after such claim first accrues.” In his supplemental brief, the counsel for the plaintiff conceded that the claim for the active duty back pay, which the plaintiff should have received if the alleged illegal discharge had not occurred in May of 1063, was clearly barred by the statute of limitations as interpreted by the court in Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968), aff'd on rehearing, 190 Ct. Cl. 925, 421 F. 2d 703 (1970). In that case, dealing with a claim for active duty pay, the court held that “the cause of action accrued all at once upon the plaintiff’s removal.” 183 Ct. Cl. at 147, <391F. 2d at 939. Thus, the petition filed by the plaintiff in October of 1971 came 8y2 years after the plaintiff’s discharge in May of 1963.
Following the discharge, plaintiff Kirby eventually applied to the Air Force Discharge Review Board, seeking to have it remove the bar to his future enlistment and to have the board change the nature of his discharge. After a hearing the Discharge Review Board, on 'September 28,1967, denied the plaintiff’s application. This was followed by an appeal to the Air Force 'Board for Correction of Military Records, which appeal was denied on January 17,1968. 'It is clear that these post-discharge remedies which the plaintiff pursued were permissive in nature and do not serve to toll the running of the statute of limitations. Mathis v. United States, supra, 183 Ct. Cl. at 147, 391 F. 2d at 939; Kirk v. United States, 164 Ct. Cl. 738, 742-43 (1964); Lipp v. United States, 157 *532 Ct. Cl. 197, 199, 301 F. 2d 674, 675 (1962), cert. denied, 373 U.S. 932 (1963). Plaintiff does not contend otherwise. Therefore, as the plaintiff has conceded with respect to the claim for active duty pay, the petition was filed too late to be considered iby the court. The second and more important issue left for the court’s consideration is whether the plaintiff’s claim for the retirement pay also falls if the claim for active duty pay is barred 'by 28 U.'SjC. § 2501. The question may be stated in this way: May plaintiff bring an action for retirement pay more than 6 years subsequent to the date of his final discharge when his entitlement to retirement depends upon invalidating the discharge ?
In an affirmative answer to the foregoing question, plaintiff attempts to draw a distinction between the active duty claim and the retirement claim by arguing that if the discharge is found to be illegal as a matter of law, then he should receive constructive credit for the years still to be served under his last 6-year enlistment contract up to July 9, 1967, at which point he could have retired with more than 20 years of active service to his credit. Thus, since July 9,1967, was the first time he would have been eligible for retirement, it is claimed to be also the first time he could have sued for retirement pay and, therefore, is the date upon which his cause of action for retired pay first accrued for statute of limitations purposes. If all of the plaintiff’s premises are accepted, it is clear that the petition filed in October of 1971 was timely with respect to the claim for retirement pay. But, note that plaintiff’s pyramid of presumptions is based upon voiding the 1963 discharge over 8 years after receiving it.
In an effort to measure the merits of the plaintiff’s thesis, attention should first be turned to the general rule found in Oceanic S.S. Co. v. United States, 165 Ct. Cl. 217, 225 (1964), for determining precisely when a cause of action accrues for statute of limitation purposes. There the court held:
A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action. * * * [cites omitted].
At 218 the court said, “* * * for this court no cause of action accrues before the claimant can bring a suit for money *533 judgment.” See also, Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 252, 368 F. 2d 847, 859 (1966). These were contract cases. The same standard applies where the Government’s obligation arises as the result of a statute (as in the present case). Sauer v. United States, 173 Ct. Cl. 642, 647, 354 F. 2d 302, 304(1965).
While it seems clear that plaintiff Kirby could not have sued to receive his retirement benefits in any suit filed prior to the end of enlistment in July 1967 because he did not have 20 years of service, it likewise is clear that if he had successfully brought suit to recover his lost active duty pay within 6 years of his discharge he would automatically have received constructive credit for the time subsequent to his discharge, which would have rounded out the 20 years required for retirement by 10 U.S.C. § 8914, and no suit for retirement would have been necessary. Diamond v. United States, 192 Ct. Cl. 502, 427 F. 2d 1246 (1970). Gearinger v. United States, 188 Ct. Cl. 512, 412 F. 2d 862 (1969). All events required to fix defendant’s liability for the retired pay would thus have taken place within the limitations period. As the matter stands, however, the “all events” requirement to fix defendant’s liability has never transpired so plaintiff’s cause of action for a money judgment for retirement is nonexistent, having never accrued. It is true that entitlement to active duty back pay and retirement pay arise under different sections of the Code and accrue as the result of different events. Nonetheless, as noted above, there is a clear nexus between the two. Where the right to the first is demonstrated, the other may follow as a matter of course. It is the precise nature of this connection which requires further analysis.
In pertinent part, 10 U.S.C. §8914 provides: “* * * a regular enlisted member of the Air Force who has at least 20, but less than 30, years of service computed under section 8925 of this title may, upon his request, be retired.” In the past this court has denied a reserve officer the right to retirement benefits under a similar provision (10 U.S.C. § 1331) for failing to complete the qualifying 20 years of service. Montilla v. United States, 198 Ct. Cl. 48, 457 F. 2d 978 (1972). The same unequivocal rule applies to an Air Force enlisted *534 man under 10 U.S.C. § 8914. The plaintiff lias not served the required length of time to become eligible for the retirement benefits he now seeks. He attempts to avoid this obstacle by asking this court to re-examine and invalidate the May 1963 discharge proceedings in the context of this retirement claim, thereby giving him constructive credit for the years of active duty he did not serve between May 1963 and July 1967. Such a re-examination is clearly barred by the statute of limitations with respect to the active duty claim. As a result, the court does not feel that it has the power to hold otherwise in the context of the retirement claim. The stumbling block comes from the fact that once this plaintiff was officially discharged from the Air Force, he lost the right to earn future active duty pay and, since he had not, at that moment, completed 20 years of service, the future right to receive retirement pay and allowances lapsed as well. The plaintiff had 6 years in which to challenge in court the legality of his discharge in order to protect his right to fulfill his enlistment commitment and obtain the needed years of service for retirement. This he did not do and cannot be allowed to do at this time through the vehicle of the retirement claim. The one rests on the other like a house on a foundation; without the foundation, the house will not stand.
In reaching this result, the court is not stating a new rule. Hames v. United States, 164 Ct. Cl. 746, cert. denied, 377 U.S. 904 (1964); Palmer v. United States, 129 Ct. Cl. 322, 121 F. Supp. 643 (1954). In Palmer, for instance, the court reached a similar conclusion where the plaintiff was seeking to obtain the difference between the retirement pay he would have received had he not allegedly been wrongfully demoted in 1944 from a hazardous duty position more than 6 years prior to filing the suit in 1953. Palmer alleged, as does Kirby, that procedural irregularities made his demotion (which he considered a wrongful discharge) invalid. The demotion to a nonhazardous duty position prevented the plaintiff from serving 20 years in the hazardous duty job, which was a prerequisite to receiving the higher hazardous duty retirement benefits. No back pay was claimed. Palmer retired in 1950. The court dismissed the petition on alternate grounds. First, the petition was filed too late: “Any claim 'based on that *535 alleged removal [the demotion] is now barred by the six-year statute of limitations, 28 TJ.S.C. § 2501 (1952 ed.) * * *.”129 Ct. 'Cl. at 326,121 F. Supp. at 645. The second basis for dismissing the petition rested on the plaintiff’s failure to state a cause of action because the pertinent statute in that case required the plaintiff to spend 20 years of actual service in a hazardous duty position. The Palmer court treated the two bases for its decision as being completely independent of one another and there they plainly are, nothing in the opinion implying otherwise. However, we need not treat the facts of this case in precisely the same manner. As discussed before, the issue of when the statute of limitations begins to run, and when a plaintiff has stated a sufficient cause of action, may be interrelated, as here. In addition, this plaintiff does not need to show 20 years of actual service in order to qualify for the retirement benefits he now seeks. In Gearinger v. United States, supra, the court held, in a case where the statute of limitations was not an issue, that a serviceman can receive constructive active duty credit as part of a claim for active duty pay, which fulfills the requirements of the retirement statute. Plaintiff Kirby, however, has neither served the necessary 20 years, nor has he received constructive credit therefor. In effect, the plaintiff’s right to sue for retirement benefits has never accrued and will not accrue until he actually serves the requisite number of years or receives constructive credit for the same by voiding the discharge in an action for his active duty pay. These opportunities are closed to him by the Mathis case as discussed supra; thus, the plaintiff has not alleged a cause of action for which relief can be granted.
The language in the opinion in Sauer v. United States, supra, does not aid the plaintiff in this case. In Sauer, the plaintiff, prior to 1944, had been employed by the Federal Bureau of Investigation where he had accumulated 89]4 days of unused annual leave. In 1944, the plaintiff transferred and sought to carry with him credit for the annual leave he had accumulated at the FBI. This request was finally denied him in 1953. The plaintiff did not sue to receive a lump sum amount for this uncredited unused leave until 1964, 3 years after he had retired from Government service. The defend *536 ant’s primary defense was that the plaintiff’s cause of action had accrued in 1944, or at the latest in 1953; therefore, the petition was too late when filed in 1964. In rejecting this position, the court noted that the statute which authorized a lump sum recovery for unused accumulated leave required the employee’s separation from service as a prerequisite to making a claim for the money. Thus, it is clear that application of the Oceanic 8.8. Oo. test results in the starting of the statute of limitations on the separation of the employee from Government service since this is the last event required by statute before the claimant would 'be entitled to bring his suit. In the case at hand, as heretofore noted, the last event necessary before this plaintiff can sue for his retirement claim has not yet occurred and probably never will — the receipt of credit for 20 years of service.
Nothing that has been said thus far should be read to imply that the court is closing the door to the examination of events that have taken place more than 6 years prior to the filing of the suit. Where the plaintiff can allege a sufficient cause of action at the time the suit is filed, and where the last event necessary to sue has occurred less than 6 years before, the court is perfectly free to examine the operative facts determinative of the issues involved, even if they have taken place more than 6 years before. Neither is the court using the statute of limitations to foreclose the examination of an issue that is part of a larger, single cause of action. With respect to the retirement claim, however, the plaintiff must allege that he has received credit (actual or constructive) for 20 years of service before he has stated a sufficient cause of action. Challenging the validity of the discharge as a means of obtaining constructive service time could only be done as a part of the active duty claim. Once the plaintiff has let that opportunity lapse, he has likewise lost the opportunity to challenge the discharge in the retirement context. Stated another way, when a plaintiff seeks retired pay based on 20 years of service he must be able to show either that he has that service by actually having served it or by having •received constructive credit therefor by invalidating a discharge which prevented the required actual service. Plaintiff has done neither, so he states no cause of action for which *537 relief can be granted within our jurisdiction, as heretofore noted. The back pay claim and the retirement claim are not severable under the facts of this case. The first underpins the second. The claim for back active duty (pay is admittedly dead, killed by age and the affliction of the statute of limitations. The retirement claim here can exist only if the back pay claim exists so they must be interred together. It would be very strange, indeed, to allow recovery for the retirement claim and deny it for active duty when both claims depend upon voiding the same discharge.
Once the discharge became effective, the theoretical end of plaintiff’s enlistment, which was thereby cut short, is meaningless for purposes of the statute of limitations or for determining when the retirement cause of action accrues. There is nothing harsh in this rule. At the moment a serviceman is discharged under conditions like these, he knows that he has not fulfilled the requirements necessary for retirement. It is incumbent upon him at that point to protect his right to serve further by timely attacking the discharge. He could do this by a suit for active duty back pay, reinstatement, mandamus, or declaratory judgment in an appropriate court. A timely challenge in this manner to the discharge would not accrue a cause of action for a 20-year retirement immediately but would make it foreseeable by protecting the opportunity to earn it, which was not done here.
Prior to enactment of Pub. L. No. 92-415, on August 29, 1972, 86 Stat. 652, plaintiff could have sought declaratory judgment or restoration to his position only in the United States District Court and recovered back pay there for less than $10,000. Said Act, however, gave reinstatement jurisdiction to the Court of Claims “as an incident of and collateral to” a money judgment within its general jurisdiction to enter money judgments under the Tucker Act. This court does not have declaratory judgment jurisdiction except in renegotiation cases pursuant to Pub. L. No. 92-41, § 3, 85 Stat. 97, 98 (1971). Lykes Bros. S.S. Co. v. United States, 198 Ct. Cl. 312, 459 F. 2d 1393 (1972). The Court of Claims does not otherwise have general equity powers or declaratory judgment authority. United States v. King, 395 U.S. 1 (1969). These Acts did not affect the statute of limitations pertinent here. *538 For instance, we cannot restore a discharged Government employee to his job if his claim for back pay is barred by the statute of limitations. Nor can we enter a declaratory judgment that plaintiff Kirby was wrongfully discharged when the time has elapsed within which we could give -him a money judgment for back pay. To do so would be, in effect, reinstating plaintiff to his position for several years for retirement pay purposes, which, for reasons noted above, is beyond our authority. As stated in United States v. King, supra, before this court has jurisdiction it must be for “actual, presently due money damages from the United States.” 395 U.S. at 3. Plaintiff’s claim for retirement pay does not meet this test, for he has not proved that he has 20 satisfactory years of active service. In fact, he admits that he does not, so he has not alleged a cause of action for retired pay on which relief can be granted. This court cannot supply the years of service, nor waive the requirement, nor award the retired pay without such service, unless the plaintiff has a valid court judgment giving him credit for such service.
In Sauer the plaintiff could have filed an action in mandamus or a declaratory judgment suit at the time it became clear that he was not going to receive credit for the leave he had accumulated at the FBI. The successful conclusion of such a suit in that case would not, however, have accelerated the time for the accrual of his cause of action since it was dependent on separation from the service. More important, the receipt of credit for the accumulated leave was nothing more than a paperwork transaction. There was no doubt at anytime that plaintiff Sauer had actually accrued the unused annual leave which was the basis for the lump sum claim. The accumulated leave in that case corresponds to the 20 years of service in this case. The court could not have given the plaintiff in Sauer credit for the accumulated leave if he had not actually accumulated it while an employee of the FBI. The situation is the same in the case now before the court. By requiring the plaintiff to challenge his discharge within 6 years of the date it becomes effective, the court is asking the plaintiff to show actual or constructive credit for 20 years of service before he brings the suit and not to seek to raise himself by his own bootstraps by asking *539 first for constructive credit for the lost years of service and then for retirement pay based on that credit, all in the same lawsuit. As the facts now stand, the plaintiff has not served the 20 years required by the statute for retirement. Until he has served or received constructive credit for such service he has no right to the retirement benefits he now seeks. The oral argument was made that this places a burden on a discharged serviceman who doesn’t care to be restored to his position in the service because he is lucky enough to go out and find an equal or higher paying job as in Palmer. In such a case he must nevertheless contest the discharge when, in fact, he stands to gain no monetary recovery since he has no damages for lost pay. Under these circumstances, it is said, he should be allowed to sue for retirement pay at the time he would have retired. The short answer to this idea supporting the proposition that a man should, be permitted to sue at his convenience, for retirement on the basis of time not served, is that if the serviceman is discharged without having served 20 years, and he is unwilling to protect his right to continue to serve within the reasonable length of time provided by law, then he has no basis for seeking benefits that are supposed to accrue only to those who serve honorably for 20 years. Any other rule than here announced will lead to the filing of stale claims 25 years old, or older, and emasculate the statute of limitations. This is contrary both to law and public policy. Friedman v. United States, 159 Ct. Cl. 1, 11, 310 F. 2d 381, 387-88 (1962). Our statute of limitations is jurisdictional and must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records. Crown Coat Front Co. v. United States, 386 U.S. 503, 517 (1967) ; Feldman v. United States, 149 Ct. Cl. 22, 32, 181 F. Supp. 393, 400 (1960); Dawnic S.S. Corp. v. United States, 90 Ct. Cl. 537, 579 (1940).
In conclusion, the court finds that plaintiff Kirby has, with respect to the active duty pay claim, filed his suit beyond the period allowed by the statute of limitations. With respect to the claim for retirement pay, the plaintiff has not shown the *540 necessary length of service requisite to ¡bringing such a claim and he cannot obtain constructive credit for the missing years of service by challenging an alleged illegal discharge in the context of this claim for retirement benefits, for he waited too long. The .plaintiff’s motion for summary judgment is denied and the defendant’s cross-motion is granted. The petition is dismissed.

 Plaintiff served through four continuous re-enllstments except for a break from June 30,1950 to October 9,1950.