Military fay; retired fay (nondisability); limitation of actions. — Plaintiff was honorably discharged as a Reserve officer pursuant to action of an Army Reclassification Board on October 14,1945. Plaintiff unsuccessfully applied administratively for restoration, reappointment or recognition so that he could muster 20 years of covered service to meet the longevity retirement minimum, including two applications to the Army Board for Correction of Military Records in 1957-60; these steps were permissive rather than mandatory remedies. Plaintiff reached retirement age of 60 years on April 28,1965. On June 22, 1973 the court issued the following order:
This case comes before the court on plaintiff’s exceptions to the report of the trial commissioner. After considering the briefs of the parties and after hearing oral argument, the court finds that on October 14,1945, plaintiff was honorably discharged in the rank of captain and at the time of his discharge was credited with 17 years, 10 months, and 23 days of Reserve military service towards retirement; that on February 25,1971, he filed his suit in this court for retired pay, and that on May 11, 1973, after the filing of the Commissioner’s report, the court handed down its decision in Kirby v. United States, 201 Ct. Cl. 527. Although plaintiff represented himself ably and endeavored to distinguish his case from Kirby on several grounds, the court has, after carefully reconsidering its decision in the Kirby case, concluded that the cases cannot be distinguished and that the court should adhere to its decision in Kirby.
it is therefore ordered that plaintiff’s petition be and the same is hereby dismissed.
On October 17, 1973 the court denied plaintiff’s motion for rehearing and motion for trial and/or reconsideration. On January 9,1974 plaintiff filed a petition for certiorari, which was denied March 25,1974.