"The court on its own initiative hereby vacates its order issued in this case on April 26, 1977 and substitutes the following order under Rule 151(c):
"The plaintiff in this single motion case is a former Air Force captain who was twice passed over for promotion to major. Under an Officer Strength Reduction program, initiated by the Air Force in 1969, officers who, like plaintiff, had twice failed of promotion to major and who had not attained 18 years of service were to be separated from the Air Force, rather than being allowed to remain on active duty in commissioned status until they had attained 20 years of active duty and would thus be eligible for retirement. Plaintiff had almost 17 years of active service and thus fell under this program.
Plaintiff applied for retention on active duty in commissioned status on the grounds of extraordinary hardship as provided for under the Reduction in Force program. Plaintiff stated as a basis for his application that his wife had deserted him and that he was supporting his five children, and that if he were separated and had to re-enlist as a sergeant, he would suffer a wage cut of some 60 percent of his captain’s pay. His application was rejected by the Air Force twice, once when he initially submitted it in November 1969 and again when he resubmitted it in July 1970. Plaintiff was accordingly involuntarily discharged on July 26, 1970, and he enlisted as a sergeant on the next day. He served over two years as an enlisted man, and was *750 ultimately retired in the grade of captain on October 31, 1972. He now brings suit in this court seeking to recover the difference between his enlisted pay and officer’s pay, plus additional allowances. He also seeks to have certain Officer Effectiveness Reports removed from his personnel files and reinstatement in the Air Force in the grade of major or lieutenant colonel. The case is before the court on defendant’s motion to dismiss on the sole ground that the claim is barred by the six-year statute of limitations.
"If it were not for plaintiffs service from 1970 to 1972 as an enlisted man, defendant would be correct. Although plaintiff alleges in his petition that he was separated from the Air Force as a Commissioned officer on July 31, 1970, his Discharge Certificate (DD Form 214) shows that he was released from active duty on July 26, 1970. Moreover, had he not been released on that date, it would have been impossible for him to enlist as a sergeant on July 27, 1970. Accordingly, any cause of action that he may have had first accrued on July 26, 1970. A claim like the plaintiffs accrues all at once upon the member’s discharge, and a suit in the Court of Claims to recover active duty pay must be brought within six years of the date of the discharge, as required by 25 U.S.C. § 2501 (1970). Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 419 U.S. 919 (1974); Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 38 (1962), cert. denied, sub nom. Lipp, 373 U.S. 932 (1963); Mathis v. United States, 183 Ct. Cl. 145, 391 F.2d 938 (1968); 190 Ct. Cl. 925, 421 F.2d 703 (1970). Further, plaintiffs claim is not a continuing one. Under these circumstances, any suit arising out of the 1970 separation, to be timely, would normally have to be instituted no later than July 26, 1976. Plaintiff filed his petition on July 30, 1976.
"However, the Soldiers’ and Sailors’ Civil Relief Act, as amended, 50 U.S.C. App. § 525, mandates the exclusion from all limitations periods of any period of active military service. See Sidoran v. United States, 213 Ct. Cl. 110, 113, 550 F.2d 636, 638 (1977). In plaintiffs case that requires the exclusion of the more-than-two-year span from July 26, 1970 to October 31, 1972, and brings plaintiffs claim well within the six-year period of 28 U.S.C. § 2501.
*751 "it is therefore ordered and concluded that defendant’s motion to dismiss on the ground of limitations must be denied. The case is returned to the Trial Division.”