This military pay case, which is before the court on the parties’ cross-motions for summary judgment, involves an action by a former Air Force captain who was twice passed over for promotion to major, to recover the difference between his enlisted pay and officer’s pay, plus additional allowances. He also seeks to have certain officer effectiveness papers removed from his personnel file and reinstatement in the Air Force as major or lieutenant colonel.
Plaintiff was separated from the Air Force as a commissioned officer and released from active duty July 26, 1970. We first consider defendant’s motion to dismiss the petition on the ground that plaintiffs claim is barred by the 6-year statute of limitations. This issue was previously considered, and defendant’s motion to dismiss on the ground of limitations was denied by order entered herein on May 13,1977, 214 Ct.Cl. 749, and is again denied.
As an alternative plea, defendant urges that the petition be dismissed on the ground of laches. Plaintiff was ultimately retired in the grade of captain October 31, 1972, and defendant contends that the delay of 45 months thereafter in filing his suit in this court bars plaintiffs claim on the ground of laches. After considering the peculiar circumstances in this case, we conclude that defendant’s plea of laches should also be denied.
On June 18, 1970, while plaintiff was on active duty, he submitted three applications: (1) an application to be retained on extended active duty on the grounds of extraordinary hardship; (2) an application for relief under AFR 31-11, and (3) an application for correction of records *658 under AFR 31-3. Also on June 26, 1970, he transmitted to the Secretary of the Air Force a request directed to the Secretary’s personal attention, concerning retention on active duty. The application for retention on active duty was rejected, and the application to the Secretary was not considered because plaintiff had, on June 25, 1970, filed suit in the District Court for the Eastern District of North Carolina seeking an injunction preventing his separation from the Air Force. Plaintiffs applications under AFR 31-3 and AFR 31-11 were returned on the ground that he had failed to exhaust administrative remedies available within the Air Force. In October 1970, plaintiff again submitted an application for relief under AFR 31-11, which was returned to him in November 1970 on the ground that since he was then an enlisted man the application should be forwarded through different channels.
After the District Court denied plaintiffs request for injunction, he appealed to the Court of Appeals for the Fourth Circuit, which affirmed the decision of the District Court on October 12, 1971.
We find in this case, that defendant has failed to make the necessary showing of prejudice because the evidence which it would need to defend against plaintiffs claim on the merits is primarily documentary evidence, which is either in the possession of the defendant as shown by its motion, or in the possession of the plaintiff as shown by the documents attached to his motion.
With respect to plaintiffs claim on the merits, we find that it involves the difficult and important questions which were raised in Sanders v. United States, 213 Ct.Cl. 725 (1977). Since the court’s action on the Sanders case, and other similar cases, has been deferred, we find it necessary to take the same action here on the issues involving the merits of plaintiffs claim. Accordingly, defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment are hereby denied, without prejudice, subject to reconsideration on motion of either party after the court has decided Sanders and related cases.