Plaintiff served in the Army from August 1943 to January 31, 1961; on that date he was discharged as a reserve commissioned officer "under honorable conditions.” This action was taken because of the Army’s view of certain alleged conduct on his part which was connected *722 with his drinking. He then had 17 years, 10 months and 11 days of qualifying service for retirement under 10 U.S.C. § 1331, et seq. (retired pay for non-regular service). In 1972 he applied to the Army Board for Correction of Military Records to correct his records to show (as the application was later amended) that he was not properly discharged in 1961 but was retained in active status until deemed retired in June 1971 in the grade of major. This application was first referred to the Army Discharge Review Board which concluded (in April 1974) that he should have received an honorable discharge in 1961. Thereafter the Correction Board considered the remainder of the relief sought by plaintiff and recommended denial; this rejection was confirmed in November 1976 by the Assistant Secretary of the Army. The present suit was then brought on June 8, 1977 for retirement pay since June 1971 and ancillary relief; no active duty pay is sought.[1] The defendant moves to dismiss the petition as barred by the six-year limitations period (28 U.S.C. § 2501).
It is established law in this court that a suit here for military pay, based on an allegedly unlawful or improper discharge or separation from the service, must be brought within six years of the serviceman’s removal. Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968); Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974); Ramsey v. United States, 215 Ct. Cl. 1042 (1978), rehearing denied, April 27, 1978, cert. denied, 439 U.S. 1068(1979). The decision in Kirby applied this principle to a suit, like this, for retirement pay founded on the assertion that the claimant had been improperly discharged (more than six years before suit) and except for that invalid separation he would have continued to serve until eligible for retirement. See 201 Ct. Cl. at 532-540.
Plaintiff attempts to avoid application of this rule to his case by some interrelated distinctions which he advances to preserve his suit. This contention that he differs from the others is said to rest on a combination of two propositions: first, that he did not necessarily have a claim for active duty pay when discharged in 1961 because he could have completed the remaining 25+ months needed for 20-year retirement under 10 U.S.C. § 1331 by taking non-paying *723 correspondence courses or attending non-paying drills;[2] second, the retirement pay he seeks under § 1331 could not accrue until he became 60 in June 1971. Both of these distinctions have, however, already been rejected by Kirby. That opinion insisted that, where retirement pay and voidance of a discharge are as intimately interconnected as they are here (see 201 Ct. Cl. at 536-37), the serviceman must timely contest the discharge (by any type of litigation available to him at that time) in order to protect his right to continue to serve for retirement purposes. See 201 Ct. Cl. at 534, 536, 537-38, 538-39. Similarly, the Kirby rationale, though that case did not happen to involve § 1331, necessarily governs any retirement pay claim, no matter how delayed, which rests upon invalidation of a more-than-six-year-old discharge. See 201 Ct. Cl. at 533, 533-34, 539.
Accordingly we must hold that plaintiffs claim for retirement pay under 10 U.S.C. § 1331 is barred by limitations.
Plaintiff then asks that, if we refuse to entertain his money claim, we transfer the suit (pursuant to 28 U.S.C. § 1506) to the United States District Court for the District of Columbia for adjudication under 28 U.S.C. § 1331(a), as amended by Public Law 94-574 (Oct. 21, 1976). Defendant opposes such transfer on the ground that the District Court would likewise have to dismiss the suit under its six-year limitations statute (28 U.S.C. § 2401 (a)). See Saffron v. Department of the Navy, 561 F.2d 938 (1977), cert. denied, 434 U.S. 1033 (1978). We consider it clear that the amendment to 28 U.S.C. § 1331(a) was not intended to give, and did not give, the district courts jurisdiction of monetary claims against the Federal Government under § 1331(a). H. Rep. No. 94-1656, 94th Cong., 2d Sess. 3,4-5, 11, 12-13, 17, 19-20, 23, 26-28 (1976), [1976] U.S. Code Cong. & Ad. News 6121, 6123, 6124-25, 6131, 6132, 6133, 6137, 6140, 6142, 6145-47. It may possibly be, however, that the 1976 amendment did give jurisdiction to review the Correction Board’s November 1976 refusal to correct plaintiffs military records — treating the suit not as one for money but simply to overturn the allegedly erroneous Correction Board determination respecting plaintiffs records. We do not, of course, intimate in any way that such an action *724 properly lies in the district court under § 1331(a), but we think the problem is for the district court (in the first instance), not for us. We shall therefore transfer the case without suggesting in the slightest whether or not the modification of 28 U.S.C. § 1331 requires or allows the District Court to entertain the non-monetary, record-correction, aspects of this suit.
IT IS THEREFORE ORDERED AND CONCLUDED, Without oral argument,[3] that defendant’s motion to dismiss plaintiffs monetary claim is granted and the case is transferred, pursuant to 28 U.S.C. § 1506, to the United States District Court for the District of Columbia for such further proceedings as it deems appropriate.

 The gist of plaintiffs claim is that he should not have been discharged in 1961 and that the Correction Board should have recognized the injustice and impropriety of that discharge and held him retained on active duty until retired as a major in June 1971 (when he attained 60 years of age).

 Since 20-year, age 60, retirement under 10 U.S.C. § 1331 does not preclude more than 20 years of service, we do not decide that plaintiff would not have had a claim for active duty pay if improperly separated in 1961; we merely accept his contention arguendo.

 Plaintiff asks for oral argument but we consider it inappropriate on the settled issues involving this court’s jurisdiction and unnecessary on the transfer issue.