This case comes before the court on defendant’s unopposed motion for summary judgment, filed February 27, 1978. After considering the motion, without oral argument, the court concludes that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.
Plaintiffs claim is one for retirement pay under 10 U.S.C. §§ 1331-32 (1976). Plaintiff contends that the period *636 of 1 year, 4 months, and 1 day which he spent on the honorary retired list of the United States Marine Corps Reserve counts toward the statutory 20-year satisfactory service requirement for retirement pay and that he is therefore entitled to such pay based on his more than 20 years of satisfactory service. He asks for his retirement pay from May 7, 1957, his sixtieth birthday, to the present and in the future.
Plaintiffs record of federal military service is as follows:
National Guard (Delaware), enlisted — December 23, 1915 — June 26, 1916 (6 months, 4 days);
U.S. Marine Corps, enlisted — July 2, 1918 — October 20, 1919 (1 year, 3 months, 19 days);
U.S. Marine Corps Reserve, commissioned — April 24, 1924 — November 7, 1940 (16 years, 6 months, 24 days);
U.S. Marine Corps Reserve, commissioned (inactive) (honorary retired list, without pay) — November 8, 1940 — March 8, 1942 (1 year, 4 months, 1 day);
U.S. Marine Corps Reserve (active duty) — March 9, 1942 — March 5, 1943 (11 months, 27 days).
The Secretary of the Navy placed plaintiff on the honorary retired list, without pay, as of November 8, 1940, for twice failing the examination for promotion to captain in the Marine Corps Reserve.[1] Plaintiff was recalled to active service in the Marine Corps Reserve on March 9, 1942. On March 5, 1943, he was discharged from the service under other than honorable conditions as the result of a court-martial.
On October 23, 1966, plaintiff applied for retired pay to the Commandant of the U.S. Marine Corps claiming that before his discharge he had completed 20 years of creditable service. His application was denied on December 20, 1966, based on 10 U.S.C. § 1334 (1976), which specifically provides that time spent (without pay) after retirement is not creditable toward computation of satisfactory military service. The letter of denial pointed out that since the period plaintiff spent on the honorary retired list could not be credited, plaintiff could not be deemed to have served at least 20 years of creditable federal service.
*637 On March 17, 1975, the Assistant Secretary of the Navy approved the recommendation of the Board for Correction of Naval Records, made in response to plaintiffs second application, that plaintiffs discharge be upgraded to a general discharge, under honorable conditions, without altering the date of his discharge. The Secretary also agreed with the board that plaintiffs request for retirement pay should be denied. Plaintiffs final request for retirement pay was denied by the board on March 1, 1977. Plaintiffs first petition in this court was filed on July 28, 1977, and his amended petition was filed by leave of court on December 16, 1977.
This court lacks jurisdiction to hear a claim which is not filed "within six years after the claim first accrues.” 28 U.S.C. § 2501 (1976). In Oceanic S.S. Co. v. United States, 165 Ct. Cl. 217, 225 (1964), we stated the following general rule for determining when a cause of action accrues for statute of limitations purposes:
A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action. [Citations omitted.]
In this case, plaintiff was not entitled to institute an action for retirement pay until he had served 20 years of creditable federal service and had reached the age of 60. 10 U.S.C. § 1331 (1976). Although plaintiff reached his sixtieth birthday on May 7, 1957, he could never be deemed to have completed 20 years of satisfactory service unless the period he spent on the honorary retired list were found not to come within the purview of 10 U.S.C. § 1334(b) (1976), which specifically states:
Time spent after retirement (without pay) for failure to conform to standards and qualifications prescribed under section 1001 of this title may not be credited in a computation of years of service under this chapter.
Plaintiff contends that he "has never spent time in the service within the meaning of [10 U.S.C. § 1334(b)] nor has he ever consented thereto, nor has he ever been notified that he had been retired without pay for failure to conform to standards and qualifications * * *.” The record does not bear out plaintiffs contention. Rather, the record demon *638 strates that plaintiff received notice of his transfer to the honorary retired list with the reason stated that he was considered, under pertinent Marine Corps regulations, to have twice failed the examination for promotion to captain. The December 20, 1966, letter denying plaintiffs application for retired pay expressly states that plaintiff was retired without pay on November 8, 1940. Plaintiff has presented no evidence to dispute these facts.
Since the record shows that plaintiff was in fact placed on the honorary retired list, without pay, the only way that he can fulfill the 20-year service requirement is by arguing that the time spent on the list was creditable as satisfactory service. In view of the bar of 10 U.S.C. § 1334 (1976), this argument cannot succeed. Plaintiff was placed on the honorary retired list, without pay, for twice failing to pass a promotion examination. The Commandant of the U.S. Marine Corps considered this to be a "failure to conform to standards and qualifications prescribed under section 1001” and we agree. It would be contrary to common sense and the plain words of the statute to hold otherwise.
Since the time plaintiff spent on the honorary retired list without pay is not creditable towards the service requirement for retirement pay, plaintiff is left with the arguments that his separation from active duty on November 8, 1940, and his placement on the honorary retired list were improper and that he should be given constructive credit for the time during which he was retired.[2] Kirby v. United States, 201 Ct. Cl. 527, 536 (1973), cert. denied, 417 U.S. 919 (1974). However, such a challenge would be barred by the statute of limitations in that a claim dependent upon the reversal of an allegedly improper separation from the service must be brought within 6 years of the separation or be barred. Id. at 536-37. Since plaintiff filed suit in this court 37 years after his placement on the honorary retired list, his claim is barred by the statute of limitations.[3]
*639 Because plaintiff has failed to fulfill the 20-year satisfactory federal service requirement, his claim to retirement pay under 10 U.S.C. § 1331 has never accrued. Plaintiff has thus failed to state a claim for which relief may be granted. Kirby v. United States, supra, 201 Ct. Cl. at 535. Moreover, to the extent that plaintiffs case may be based on overturning an allegedly illegal separation from active service in 1940, his claim is barred by the statute of limitations. 28 U.S.C. § 2501.
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.

 Actually, plaintiff sat for the examination only once. He refused to take the examination a second time. Pursuant to Marine Corps regulations, he was considered to have failed the second examination.

 Plaintiffs petition apparently reflects the mistaken belief that the upgrade in plaintiffs discharge in 1975 made him eligible for retirement benefits that had previously been denied. However, benefits were never denied plaintiff on the basis of the character of his discharge but always on the basis of his failure to complete 20 years’ satisfactory service. Thus, the upgrade in plaintiffs discharge is irrelevant to his claim here.

 In holding that plaintiffs claim is barred by the statute of limitations, we recognize that members of reserve components of the armed services were not in a category which qualified for retirement pay until June 29,1948 (date of enactment of Pub. L. No. 810, 62 Stat. 1081). However, even if plaintiffs claim were deemed to accrue on that date, it would still be barred by the statute of limitations.