This military pay case comes before the court on defendant’s motion to dismiss. Plaintiff seeks review of an order of the Board for the Correction of Naval Records (BCNR), denying him reinstatement into the Navy. Defendant moves to dismiss the action on the grounds that it is barred by the six-year statute of limitations, 28 U.S.C. § 2501 for claims in this court. Because we find that plaintiffs cause of action accrued on the date of his discharge in 1967, fourteen years before filing of this action, we grant defendant’s motion.
Plaintiff, John E. Holbrook, Jr., served in the United States Navy for over 17 years. On May 22, 1967, while on active duty with the Heavy Attack Squadron 123, Naval Air Station, Whidbey Island, Oak Harbor, Washington, plaintiff was brought before an administrative discharge board on charges of soliciting homosexual conduct. The board found the charges true, but also found that such activity did not detract from his military performance and recommended that plaintiff be retained on active duty in a probationary status for the duration of his enlistment period. Despite this recommendation, the Chief of Naval Personnel ordered plaintiff discharged by reason of unsuitability, and plaintiff was honorably discharged on July 13,1967.
On November 4, 1974, plaintiff applied to the BCNR seeking reinstatement to active or reserve duty in order to become eligible for retirement benefits. The bcnr denied plaintiffs application on April 6, 1976, on the ground that plaintiff had presented insufficient evidence to indicate probable material error or injustice. In his petition to this court, filed March 20, 1981, plaintiff asserts that the bcnr’s action was arbitrary and capricious and in violation of his Fifth Amendment rights. He asks this court to order the BCNR to correct his military records to show plaintiff was honorably discharged on December 2, 1969 (the date on which plaintiff would have completed 20 years’ service to become eligible for retirement benefits) and award him back retirement pay to that date.
*606 The government claims that plaintiffs claim accrued on the date of his allegedly illegal discharge and is thus time barred. We agree.
It is well settled that a claim based on a military discharge accrues all at once upon the date of plaintiffs removal. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 391 F.2d 938 (1968), aff’d on rehearing, 190 Ct. Cl. 925, 421 F.2d 703 (1970). In order to be timely, suit must be filed within six years of the date on which the claim first accrues. 28 U.S.C. §2501 (1976). This court has long held that resort to permissive administrative procedures such as petition to a correction board does not toll the statute of limitations. See, e.g., Brundage v. United States, 205 Ct. Cl. 502, 507, 504 F.2d 1382, 1385 (1974), cert. denied, 421 U.S. 998 (1975). Thus plaintiffs application to the BCNR, even had it been timely, could not have affected the statutory time bar.
Plaintiff seéks to avoid the statute of limitations by asserting that he is seeking from this court a determination not that his discharge was illegal, but that the bcnr action denying his claim was arbitrary and capricious. Thus, he argues that the statute of limitations began to run again on the date of the BCNR decision. He cites this court’s decision in Eicks v. United States, 145 Ct. Cl. 522, 172 F. Supp. 445 (1959), for the proposition that a new cause of action arises from the arbitrary and capricious failure of a correction board to correct a serviceman’s date of discharge. As we noted in Brownfield v. United States, 218 Ct. Cl. 477, 589 F.2d 1035 (1978), however, Eicks stands for the much narrower proposition that a board cannot arbitrarily and capriciously refuse to implement a prior favorable decision relating to discharge without creating a new cause of action from the date of that refusal. Id. at 486 n.3, 589 F.2d 1039-40 n.3. Plaintiff in the instant case has alleged no facts indicating the existence of prior favorable agency or board action, or indeed the existence of any right to retroactive retirement benefits. Because he was discharged before completing 20 years’ service, he had no claim to such benefits absent favorable action by the bcnr. The substance *607 of plaintiffs claim thus directly relates to his allegedly illegal discharge and not to the decision of the Board.
Plaintiff could have filed suit with this court on July 13, 1967, the date of his discharge from the Navy. His suit became time-barred, however, by the running of the statute of limitations on July 14, 1973 and his resort to the BCNR had no power to revive his claim.
Accordingly, it is therefore ordered, on consideration of the parties’ submissions, but without oral argument, that defendant’s motion to dismiss is granted. Plaintiffs petition is dismissed.