A. The petition of this pro se plaintiff is a long, rambling, and confused document, which is difficult to follow. The claim the plaintiff asserts grew out of his military service in the Navy in 1955-56, which was terminated in the latter year because of his mental illness.
In 1961, the Veterans Administration held that the plaintiffs psychological disorder was not service-connected and therefore denied his claim for benefits. Upon reconsidering the case in 1980, pursuant to the plaintiffs request, the Board of Veterans’ Appeals reaffirmed the 1961 ruling. Because of a difference of opinion among members of the Board of the correctness of that decision, however, the plaintiffs claim was allowed under a Veterans Administration regulation authorizing allowance in that circumstance. The effective date of the allowance was August 30, 1978, when the plaintiff filed his petition for reconsideration.
As far as we can tell, the plaintiff seeks the following relief: (1) a determination that his Veterans Administration disability benefits should have begun in October 1958 *828 rather than in August 1978, and an award of back benefits for those 20 years; (2) alternatively, backpay for military service from October 1955 and retirement pay after 30 years of active and constructive service; (3) the civilian earnings of $1,200 a month the plaintiff allegedly lost because of the Coast Guard’s refusal to certify him for maritime employment due to his service-connected disability; (4) punitive damages of $200 million for the infliction upon him of mental and bodily torture and the denial of his constitutional, statutory, and regulatory rights.
The defendant has moved to dismiss on the ground that the court has no jurisdiction over the plaintiffs claims. We agree and grant the motion.
B. 1. Under 38 U.S.C. §211(a) (1976), the decision of the Veterans Administration granting the plaintiff benefits only from August 1978 and not from October 1958, is not subject to judicial review. Cunningham v. United States, 212 Ct. Cl. 451, 471, 549 F.2d 753, 766 (1977).
2. The plaintiffs claim for backpay from 1955 is barred by the six-year statute of limitations in 28 U.S.C. §2501 (1976). That claim, based upon the plaintiffs release from active duty in 1956, accrued at that time. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974).
3. The plaintiffs claim for the civilian earnings he allegedly lost because the Coast Guard denied him the "right to work at his trade (skipper)” by refusing him certification due to his mental disability sounds in tort, a subject over which we have no jurisdiction. 28 U.S.C. §1491 (1976).
4. Finally, we have no jurisdiction over a claim for punitive damages of $200 million for violation of the plaintiffs constitutional and other rights.
The defendant’s motion to dismiss is granted, and the petition is dismissed.