LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that the periodic deductions from Wells’ retirement pay constituted continuing claims, such that the statute of limitations had not run on his suit for refund of those deductions made within six years of the filing of the suit. In my opinion, the Court of Federal Claims was correct in holding that one event — the 1994 decision by the Defense Department to deduct part of Wells’ incarceration costs — occurred and caused all of the deductions from his retirement pay. Thus, since that event occurred more than six years before suit was filed in that court, 28 U.S.C. § 2501 bars any recovery for Wells.
The majority opinion sets out the relevant case law concerning the “continuing claim” doctrine. Most recently, we decided Brown Park Estates-Fairfield Development Co. v. United States, which makes *1349 the distinction between a claim “inherently susceptible to being broken down into a series of independent and distinct events” and one “based upon a single distinct event, which may have continued ill effects later on.” 127 F.3d 1449, 1456 (Fed.Cir.1997). Wells’ claim here is based on a single distinct event, the decision by the Defense Department to deduct part of Wells’ retirement pay, not a series of independent events. That event set in train the continued ill effects of subsequent deductions.
Other relevant cases have led to mixed results on varied facts, but they support the conclusion of the Court of Federal Claims, even though they do not draw a clear line in distinguishing between continued ill effects arising from a single event versus a series of independent events, each having its own associated damages. For example, Hart v. United States, 910 F.2d 815 (Fed.Cir.1990), and Lane v. United States, 208 Ct.Cl. 955 (1975), both involved assertions that a new claim arose each time that an annuity or payment was not made. In those cases, this court and its predecessor court held that the claim accrued upon the occurrence of an initial triggering event or a governmental act that served to fix the liability of the government, and they accordingly denied the applicability of the continuing claim doctrine. Hart, 910 F.2d at 818 (“Because all events necessary to her benefits claim had occurred when her husband died, we conclude that plaintiffs claim for ... annuity benefits is not a ‘continuing’ claim.”); Lane, 208 Ct.Cl. at 955-56 (“A claim for active duty pay must be brought in this court within six years of the discharge date. A claim based upon an illegal discharge is not, as plaintiff suggests, a continuing claim, but rather ‘accrues all at once’ upon the claimant’s removal.” (citations omitted)).
In Batten v. United States, 220 Ct.Cl. 327, 597 F.2d 1385 (1979), which also involved a claim for periodic installments of back pay, the Court of Claims stated, in dictum, that a claim arose each time the government failed to make a payment alleged to be due. Id. at 1387 n. 10. That case is distinguishable by the fact that the court never reached the statute of limitations issue. Id. at 1387. Burich v. United States involved overtime pay, which presumably was variable and therefore had to be determined for each pay period, and the Court of Claims, citing the “erratic and irregular” nature of overtime work, held that a new claim arose each time the proper overtime payment was not made. 177 CtCL 139, 366 F.2d 984, 988 (1966). The fact that the overtime payment varied depending upon the amount of overtime worked distinguishes that case as well. Those were distinct events.
I thus conclude that, when a statute of limitations issue is involved, leading to all the subsequent consequences, and one determination of the amount of the benefit payable has been made, our cases hold that the continuing claim doctrine does not apply. I believe they govern here.
The majority here bootstraps its conclusion by emphasizing Wells’ assertion that the deductions from his pay were in violation of 5 U.S.C. § 5514. However, that is a merits issue, and, unless Wells can overcome the limitations problem through the continuing claim doctrine, he cannot contest a merits issue such as the statutory violation claim. He cannot assert a merits claim that he is not entitled to litigate as the means to pry open the courtroom door that is barred to him on the merits claims.
Accordingly, I respectfully dissent from the court’s application of the continuing claim doctrine to permit Wells to litigate a claim that accrued more than six years before he filed suit in the Court of Federal *1350 Claims. I therefore would affirm the judgment of that court.