**550**

Donald C. CASS, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 2014.

United States District Court,
D. Montana,
Helena Division.

June 20, 1972.

Charles A. Smith, Smith & Harper, Helena, Mont., for plaintiff.

Otis L. Packwood, U. S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This case was submitted on an agreed statement of facts which is adopted as the findings of the court.

Plaintiff, Donald C. Cass, was a member of the United States Army Reserve and served a tour of active duty with the Army from July 16, 1966, to April 26, 1971—four years, nine months, and 13 days of continuous active duty. Cass was honorably and involuntarily released from active duty on April 26, 1971, and as Captain was then receiving base pay of $1,063.80 per month. Upon notification that he was to be released, Cass requested a lump-sum readjustment payment as provided by 10 U.S.C. § 687(a). The request was refused because Cass had not served a full five years.

Cass seeks the amount of readjustment pay due, $10,638.00, but for jurisdictional purposes has waived all in excess of $10,000.00.

The statute in question reads as follows:

§ 687(a) . . . a member of the Army or the Air Force without component who is released from active duty involuntarily, . . . and who has completed, immediately before his release, at least five years of continuous active duty, is entitled to a readjustment payment computed by multiplying his years of active service . . . but not more than eighteen, by two months' basic pay of the grade in which he is serving at the time of his release. * * * *For the purposes of this subsection—*

(1) a period of active duty is continuous if it is not interrupted by a break in service of more than 30 days;

(2) *a part of a year that is six months or more is counted as a whole year, and a part of a year that is less than six months is disregarded;* and

(3) a period for which the member concerned has received readjustment pay under another provision of law may not be included. (Emphasis added.)

On the authority of Schmid v. United States, 436 F.2d 987, 193 Ct.Cl. 780 (1971), cert. denied, 404 U.S. 951, 92 S.

Ct. 283, 30 L.Ed.2d 268 (1971), I conclude that the rounding provision, 10 U.S.C. § 687(a) (2), applies to both eligibility for and the computation of the readjustment pay.

It is ordered that plaintiff have judgment against the defendant in the sum of Ten Thousand Dollars ($10,000.00).