**Donald C. CASS, Appellee,**

v.

**UNITED STATES of America,
Appellant.**

**Francis A. ADAMS et al., Appellees,**

v.

**SECRETARY OF THE NAVY et al.,
Appellants.**

Nos. 72-2633, 72-3028—72-3030.

United States Court of Appeals,
Ninth Circuit.

Aug. 1, 1973.

Certiorari Granted Jan. 7, 1974.
See 94 S.Ct. 864.

Anthony J. Steinmeyer (argued), Harlington Wood, Jr., Asst. Atty. Gen., Otis L. Packwood, U. S. Atty., Walter H. Fleischer, Robert M. Feinson, Dept. of Justice, Washington, D.C., for appellant United States.

Charles A. Smith (argued), of Smith & Harper, Helena, Mont., for appellee Cass.

Before MERRILL and CHOY, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge:

This case involves the interpretation of 10 U.S.C. 687(a), which permits servicemen to receive readjustment payments upon release from the armed forces. Two issues are involved in this appeal: (1) Whether the "rounding provision" of subparagraph (2) of 10 U.S.C. 687(a) applies to reduce the eligibility requirement for readjustment pay; and (2) whether the preliminary injunction issued by the District Court in the Adams-Steneman-Youngquist cases would moot this appeal because they would now qualify under any interpretation of the statute.

These actions were instituted by reserve officers on active duty in the Armed Forces. Each had served more than four and a half years and less than five years. Cass was honorably and involuntarily discharged from the Army. Adams, Steneman and Youngquist, captains in the Marine Corps, were ordered to be involuntarily released from active duty under honorable circumstances, but obtained a preliminary injunction which prevented their release until after they had served more than five years. The preliminary injunction was then dissolved while their cases were still pending. In all the cases the trial courts found in favor of the plaintiffs.

■ With regard to the substantive issue of whether or not 10 U.S.C. 687(a)(2) was properly interpreted by the district court, it is the opinion of this court that it was not.

The relevant statute provides in pertinent part:

" . . . a member of a reserve component . . . who is released from active duty involuntarily . . . who has completed, immediately before release, at least five years of continuous active duty, is entitled to a readjustment payment computed by multiplying his years of active service . . . by two months' basic pay of the grade in which he is serving at the time of his release . . . For the purposes of this subsection—

(1) a period of active duty is continuous if it is not interrupted by a break in service of more than 30 days;

(2) a part of a year that is six months or more is counted as a whole year, and a part of a year that is less than six months is disregarded . . ."

The district courts [Cass v. U. S., is reported at 344 F.Supp. 550 (D.Mont. 1972).] ruled in favor of plaintiffs, following the rationale of Schmid v. United States, 436 F.2d 987, 193 Ct.Cl. 780, cert. denied 404 U.S. 951, 92 S.Ct. 283, 30 L.Ed.2d 268 (1971). In *Schmid* the court of claims decided that the rounding provision of 687(a)(2) that "a part of a year that is six months or more is counted as a whole year" applied not only for the purposes of calculating the amount of the readjustment pay owed servicemen eligible for payments, but also in determining whether the five year eligibility requirement was met. Thus, if appellees' position is correct, their time in service (more than four and a half years) was properly rounded off to five years in the district courts and they were thus eligible and entitled to readjustment payments under 10 U.S.C. 687(a). We disagree and reverse.

The concept of readjustment pay was originally made into law in 1956. That Act of July 9, 1956, 70 Stat. 517, 50 U.S.C. § 1016(a) (1958 ed.) provided in pertinent part:

"A member of a reserve component who is involuntarily released from active duty after the enactment of this section and after having completed immediately prior to such release at least five years of continuous active duty, except for [a break] in service of not more than thirty days . . .

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

is entitled to a lump-sum readjustment payment computed on the basis of one-half of one month's basic pay in the grade in which he is serving at the time of release from active duty for each year of active service ending at the close of the eighteenth year. *For the purpose of computing the amount of readjustment payment (1) a part of a year that is six months or more is counted as a whole year . . .*" (Emphasis added)

Thus, that Act clearly provided that the rounding provision applied only to the determination of the amount of payment, and not to the eligibility requirement. In 1962, the statute was codified into its present form.

The present form of the statute does not explicitly limit the rounding provisions of computation of the amount of the benefits. However, the clause of the statute which sets the minimum eligibility at five years, appears to be clear on its face and not subject to the interpretation given it by the court in *Schmid.*

However, even if the statute is arguably ambiguous, the result is unchanged. The rounding provisions conflict with the clear statement that five years is required for eligibility, if the rounding provision applies to eligibility. The use of the rounding provision would serve no useful purpose in determining eligibility. Eligibility is defined in terms of a fixed duration under the statute. The rounding provision could only be applicable in a situation in which a serviceman had served between four and a half and five years. There is no apparent reason why Congress would choose such a circuitous method to determine eligibility.

An examination of the legislative history behind the 1956 and 1962 versions of the statute supports the interpretation argued by appellant. The senate hearings on the 1956 bill specifically considered and adopted the language which limited the rounding provision to the computation of the amount of the payment. 1956–2 U.S.Code Cong. & Admin.News, pp. 3068, 3070.

In 1962, Congress codified the readjustment payment laws. In the process the language that the rounding provision was limited to the computation of the amount of readjustment pay was deleted. However, the senate report on the new law stated that the bill "is not intended to make any substantive change in the existing law". Senate Report No. 1876, 87th Cong.2d Sess., 1962 U.S.Code Cong. & Admin.News, p. 2456. It would be inconsistent with the above declaration for this court to construe that Congress intended to broaden the eligibility requirements. Therefore, we reverse on the substantive issue of interpretation of 10 U.S.C. 687(a).

■ With regard to the arguments of Adams, Steneman and Youngquist that the preliminary injunction issued by the district court in their cases served to make them eligible for readjustment benefits under any interpretation of the statute, we disagree.

The case of Paul v. Seamens, 468 F.2d 361 (1st Cir. 1972), held that a preliminary injunction designed to preserve the status quo, cannot count toward retirement benefits. In the case at bar, we have decided for appellant, and therefore the injunction in the district court was improperly issued, and cannot be relied upon to support eligibility for readjustment benefits.

The injunction created no additional rights in appellees that they did not have under the statute in question. Any other decision would allow appellants to "bootstrap" themselves into eligibility.

Therefore, the decisions of the district court are reversed.