The trustee in bankruptcy of Highlander Sanitarium, a bankrupt extended-care facility which provided Medicare services, sues for reimbursement said to be due for those services supplied by the provider.[1] Dissatisfied with the payment allowed by the fiscal intermediary (Blue Cross of Southern California), plaintiff appealed to the Blue Cross Association Medicare Provider Appeal Committee and had an informal hearing before that tribunal. The Appeal Committee allowed some costs previously rejected but disallowed most of the others claimed. Plaintiff first sought *596 judicial review in the United States District Court for the Central District of California, but that suit was dismissed on April 15, 1977, for lack of jurisdiction.[2] This action was then instituted in this court on July 6, 1977. Both parties have moved for summary judgment and oral argument has been had.
1. The Government says initially that the entire action in this court is barred by the six-year statute of limitations, 28 U.S.C. § 2501, because plaintiff had notice of the decision of the Appeal Committee by April 27, 1971, but suit here was not begun until July 6, 1977 — over 2 months late. We reject this defense on two alternative grounds. The first is that the Appeal Committee’s decision in April 1971 left open a number of matters for further calculation and computation — matters which were not merely formal or ministerial but involved substantial exercises of discretion by the administrators. There is no sufficient proof in the record before us that these matters were concluded and communicated to plaintiff by July 6, 1971, and it seems highly probably that they were not. In these circumstances we cannot say that plaintiff was required to file suit here before July 6, 1977; its claim would not accrue (for limitations purposes) until the administrative proceeding could fairly be called at an end and the provider knew the magnitude of the reimbursement which would be allowed administratively.
The other basis for denying the limitations defense arises from plaintiffs continuous attempt for several years to obtain judicial review within the Ninth Circuit, which ended when his suit there was dismissed by the District Court for lack of jurisdiction on April 15, 1977. Instead of beginning a new suit here on July 6, 1977, plaintiff could and should have moved the District Court for transfer to this court under 28 U.S.C. § 1406(c). See Dr. John T. MacDonald Foundation Inc. v. Califano, 571 F. 2d 328 (5th Cir. 1978), cert. denied, 439 U.S. 893 (1978). If that had been done, the case here would be considered (under the express terms of the transfer statute) to have been begun when the District Court action commenced (i.e., substantially less *597 than 6 years after April 1971) and would plainly be in time. We have very little doubt that, if such a motion had been made, the District Court would have granted it (either originally or, if made after the dismissal, under Federal Rule of Civil Procedure 60(b)).[3] That being so, we are reluctant to bar plaintiff entirely because of its technical failure to come to the court by the correct route, especially since it filed its petition here shortly after the dismissal by the District Court. For limitations purposes the case can be considered as in effect here on the transfer which could and should have been ordered.
2. The remaining questions include plaintiffs attack on the structure and procedures of the Appeal Committee and disputes as to the proper methods of calculating plaintiffs reimbursement. We think the appropriate disposition of these problems is to remand the claim to the Department of Health, Education and Welfare for a new hearing and new determination. The reason for taking this course is the informal and inadequate nature of the hearing held by the Appeal Committee and the inadequacy of the record made before that tribunal. These defects were not the fault of the Committee but nevertheless the resulting record is insufficient for us to decide this case properly. Originally, plaintiff asked that its appeal be considered only on the written submissions of both sides. When the Committee met to consider the case on that basis, an accountant for the then receiver of the provider appeared (apparently without prior notice) and a spontaneous "unplanned hearing” was held on the spot. There was no stenographer present and only an unsatisfactory cassette and tape recording was made. The accountant answered questions by the Committee members and made some oral presentation; the written submissions were also considered. No representative of the fiscal intermediary was present (because it was thought that the case would be considered only on written documents and submissions) and, of course, there was no cross-examination of the accountant nor any oral counter-presentation. So far as we can tell from the *598 inadequate tape recording, the accountant made various generalized, factual statements — tending to support the claim — but neither he nor the provider supported or detailed these general assertions.[4] Since the provider is in bankruptcy and its creditors are the ones directly involved, we consider it inappropriate to deny the claim simply because the informal presentation on behalf of the provider was so wanting.
The preferable solution is to remand to the Department of Health, Education and Welfare for a new hearing and a new decision. We have this power under the Act of August 29, 1972, Pub. L. 92-415, § 1, 86 Stat. 652, now part of 28 U.S.C. § 1491.[5] We would think that the proper agency within the Department to consider the matter is the Provider Reimbursement Review Board, but if the Department believes that there are legal or other substantial objections to consideration of this case by that Board the Secretary can select some other body or tribunal, provided that an adequate hearing and opportunity to present its case is given the plaintiff. See Whitecliff, Inc. v. United States, 210 Ct. Cl. 53, 61-2, 536 F. 2d 347, 352-53 (1976), cert. denied, 430 U.S. 969 (1977)[6]
IT IS THEREFORE ORDERED as follows:
(1) Defendant’s motion for summary judgment is denied and plaintiffs motion is granted as to the defense of limitations;
(2) Plaintiffs motion for summary judgment is denied and défendant’s motion is granted as to the validity of the composition of the Blue Cross Association Medicare Provider Appeal Committee;
(3) In all other respects both plaintiffs and defendant’s motions for summary judgment are denied without prejudice;
*599 (4) Plaintiffs claim for reimbursement is remanded, pursuant to Rule 149, to the Department of Health, Education and Welfare with directions to afford a new, fair and proper hearing and determination;
(5) pending such hearing and determination, the proceedings in this court shall be stayed for a period of six (6) months; and
(6) the attorney for plaintiff is designated to advise the court, under Rule 149(f), of the status of the proceedings on remand; the advice shall be given at intervals of 90 days beginning with the date of this order. Attention is also directed to Rule 150.

 For convenience, we shall refer to the provider as the plaintiff and claimant.

 There were also earlier judicial proceedings and rulings within the Ninth Circuit which need not be detailed.

 In this court the usual practice has been to consider transfer sua sponte (under 28 U.S.C. § 1506) even if the claimant does not ask for it. The transfer statutes (28 U.S.C. § 1406(c) and § 1506) do not require a motion by a party but authorize the court to transfer sua sponte.

 Many of the accountant’s statements seem to have been gross hearsay.

 "In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.”

 This disposition makes it unnecessary for us now to consider plaintiffs challenge to the composition and to the prior proceedings of the Appeal Committee in this instance. In any event, we have previously held, and again reaffirm, the validity of the composition of the Appeal Committee (absent proof of actual bias). Overlook Nursing Home, Inc. v. United States, 214 Ct. Cl. 60, 66-68, 556 F. 2d 500, 502-04 (1977); Ulman v. United States, 214 Ct. Cl. 308, 318, 558 F. 2d 1, 6 (1977); Gosman v. United States, 215 Ct. Cl. 617, 573 F. 2d 31, 34 (1978).