**LCDR George W. SOHM, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 269–70.

United States Claims Court.

July 22, 1983.

John J. Moss, Cambridge, Mass., for plaintiff; David Schwartz and Jonathan Bernstein, Weissbrodt & Weissbrodt, Washington, D.C., of counsel.

Lynn Bush Ferguson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

NETTESHEIM, Judge.

This case is before the court after argument on defendant's motion for summary judgment, filed December 15, 1970, and plaintiff's cross-motion for partial summary judgment and opposition, which followed over a decade later. Although the legal issue is the applicability of the statute of limitations, resolving that question requires a journey through the labyrinthine procedural history of the case.

## FACTS

Plaintiff, a retired lieutenant commander in the United States Coast Guard, petitioned on August 3, 1970, in the United States Court of Claims challenging his failure of promotion, which he attributed to certain fitness reports and other documents that were improperly considered by selection boards in 1959 and 1961, in addition to other procedural irregularities.

After having been passed over by three different promotion boards, plaintiff was ordered into retirement effective June 30, 1964, pursuant to 14 U.S.C. § 285 (Supp. V 1964). This statute compelled automatic retirement after a lieutenant commander twice was not selected for promotion. Previously, on October 18, 1961, plaintiff had applied to the Board for Correction of Military Records (the "BCMR") and was heard on October 3, 1963. Plaintiff was not retired on June 30, 1964, because he complained in federal court seeking, *inter alia,* temporary and permanent injunctive relief blocking the imminent retirement. *Sohm v. Dillon, et al.,* C.A. No. 1507–64 (D.D.C. filed June 25, 1964). Following issuance of a temporary restraining order, injunctive relief was denied, and the restraining order was dissolved effective July 16, 1964. *Sohm v. Dillon,* 231 F.Supp. 973 (D.D.C. 1964). The United States Court of Appeals for the District of Columbia Circuit and the United States Supreme Court denied motions for injunction and stay of retirement pending appeal. The Coast Guard then notified plaintiff of a revised retirement date, *viz.,* July 31, 1964, on which date plaintiff was retired.

Summary judgment thereafter entered in defendant's favor, upholding the actions of the selection boards. *Sohm v. Dillon,* 235 F.Supp. 450 (D.D.C.1964), *rev'd sub nom. Sohm v. Fowler,* 365 F.2d 915 (D.C.Cir. 1966). On consolidated appeals of the denial of preliminary injunctive relief and the grant of summary judgment, the appeals court reversed and ordered a remand for determination by the BCMR of the alleged procedural defects leading to plaintiff's retirement.

Plaintiff eventually applied to the BCMR for a *de novo* hearing, which was completed on December 2, 1970. The Court of Claims on April 2, 1971, entered an order, pursuant to 28 U.S.C. § 1500 (1970), suspending proceedings pending completion and final dis-

position of the district court proceedings. On November 22, 1971, the district court dismissed the complaint without prejudice for nonprosecution. By order entered on April 24, 1972, the action was reinstated pending decision by the BCMR. The district court's patience once again was taxed, and an order was entered on October 11, 1972, dismissing the complaint with prejudice for nonprosecution.

The appeal of the dismissal with prejudice also was not pursued with alacrity, and successive show cause orders issued as to why the appeal should not be dismissed. After conducting supplementary hearings in 1973, the BCMR issued a 49-page decision on March 25, 1974, denying plaintiff's application. The appeals court *sua sponte* on December 30, 1977, vacated the order of dismissal with prejudice and ordered the district court to consider the complaint on the merits, given that the BCMR finally had acted.

The proceedings in district court became mired by plaintiff's failure to file an amended complaint seeking review of the final administrative decision. Another judgment of dismissal for lack of prosecution was entered and vacated shortly thereafter. An amended complaint was filed on November 1, 1978. Plaintiff suffered a second dismissal with prejudice on December 27, 1978, for failure to prosecute. Once again, the D.C. Circuit remanded the case by order of November 4, 1981, retaining jurisdiction. On November 24, 1981, the dismissal with prejudice was converted by the district court to a dismissal without prejudice, which was affirmed *sua sponte* by a per curiam order of the court of appeals on September 2, 1982.

After 18 years of litigation, plaintiff wrested from the district court and appeals court a dismissal without prejudice, which the district court characterized as a dismissal for want of prosecution.

In 1970 defendant had moved for summary judgment in the Court of Claims on the ground that plaintiff's petition was filed on August 3, 1970, more than six years after plaintiff's July 31, 1964 discharge. On March 19, 1982, the Court of Claims ordered plaintiff to file his response to defendant's motion for summary judgment. Eleven months later plaintiff submitted his opposition to the summary judgment motion, as well as his cross-motion for partial summary judgment.

## DISCUSSION

Whether the statute of limitations, 28 U.S.C. § 2501 (1970), bars this action turns on whether plaintiff should be relieved from the August 3, 1970, filing date. Two questions are presented: whether plaintiff's petition should be deemed timely filed and, if not, whether his petition should be deemed filed as of June 25, 1964, the date of his district court complaint.

*Timely Filing*

Plaintiff does not dispute that his petition is subject to the six-year statute of limitations, which was jurisdictional to the predecessor Court of Claims, as it is to this court. *See Parker v. United States,* 2 Cl.Ct. 399, 402 (1983) (NETTESHEIM, J.) (citing *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974)).[1]

The parties also concur that July 31, 1970, six years after plaintiff was retired on July 31, 1964, was a Friday, and that August 3, 1970, the date the petition was filed in the Court of Claims, fell on a Monday. Plaintiff's counsel tendered his affidavit that the petition was sent by certified mail, special delivery, from Boston, Massachusetts, to Washington, D.C., on the preceding Thursday, July 30, 1970, between 11:00 p.m. and 12 midnight. An affidavit from a postal official suggests that the mail was accepted after the official close of the Boston Airport Mail Facility at 11:00 p.m. The envelope reveals that the letter was processed in the Boston Airport Mail Facility on Friday,

---

1. The date plaintiff's permissive administrative remedy was exhausted before the BCMR, March 25, 1974, does not increase the limitations period. *See Parker v. United States,* 2 Cl.Ct. at 403 (citing cases).

July 31; it arrived in the Washington Delivery Section at approximately 3:00 p.m. that day. The letter was not delivered to the Court of Claims until the following Monday, although deliveries were scheduled for 3:00 and 7:00 p.m. on July 31. The postal official's affidavit also states that in 1970 similar mail from Boston posted before 1:00 a.m. on a business day "would have a reasonable expectation" of arriving in the District of Columbia before 5:00 p.m. on that date.

The rule governing receipt of petitions in the Court of Claims during 1970 was former Rule 21(b)(2)(iii) (1969 ed.), which provided:

> In a situation where a petition is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the petition, if the petition was received by the clerk through the mail, it may, by order of the court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (a) that the petition was sent *by registered mail, ... and with return receipt requested,* (b) that it was *deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail,* and (c) that the party plaintiff as sender exercised no control over the mailing between the deposit of the petition in the mail and its delivery.

(Emphasis added.)

■ The court accepts counsel's assertion that he duly deposited the petition in the mail and therefore exercised no further control over it. The requirements of subsections (a) and (b), nonetheless, cannot be satisfied in the circumstances of this case. The petition indisputably was sent by certified—not registered—mail. In fact, counsel avers that he felt that registration might be unnecessary or inappropriate because he may have been told that it might slow down delivery. The Court of Claims in *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 384 F.2d 434 (1967), decided before the 1969 rules were adopted, addressed

the issue of timely filing, without benefit of any rule. The court's views were vigorous and mixed as to the applicable presumptions concerning mailing and burdens of proof. The court noted that registered mail costs more than other classes of mail, including certified and special delivery. 181 Ct.Cl. at 272, 384 F.2d at 441. Not coincidentally, former Rule 21(b)(2) thereafter was adopted—the "Charlson" rule—which was intended to simplify the determination of timeliness. Registered mail was prescribed. In contrast, the United States Customs Court modeled a similar rule on the "Charlson" rule, but specified registered or certified mail. *Texas Mex Brick & Import Co. v. United States,* 371 F.Supp. 579, 580 n. 3, 583 (Cust.Ct.1974).

■ Plaintiff asks the court to ignore this distinction between registered and certified mail because RUSCC 3(b)(C)(i) (1982 ed.) allows the court to deem a complaint filed if a proper showing is made that it was sent by registered or certified mail. Thus, filing by certified mail alone should be deemed timely. It would be unfair to any other litigant whose petition may have been judged under former Rule 21 to deem plaintiff's petition eligible for timely filing because of the fortuity that consideration of defendant's statute of limitations defense was postponed from 1970 to 1983. Both the old and new rules are discretionary. The court will not ignore the requirement of registered mail that is a prerequisite to its exercise of discretion to deem filing timely.

■ Plaintiff also fails to show mailing sufficiently in advance of July 31 to allow for receipt on or before such date in the ordinary course. First, his affidavit is diminished by a letter from another postal official also proffer by plaintiff. The letter states that due to the July 31 mailing date, "only extraordinarily perfect transportation connections could account for ... delivery in Washington the same day, July 31." The affidavit and letter together are not supportive of delivery in the ordinary course because they are contradictory (see RUSCC 56(e)); nor do they raise a genuine issue as to a material fact because summary

judgment cannot be defeated by instigating controversy with one's own position on the facts. RUSCC 56(c). Taken as a whole, plaintiff's evidence does not establish that a letter sent air mail special delivery, postmarked in Boston on July 31, 1970, was deposited "sufficiently in advance" of July 31 to allow for receipt "in the ordinary course" by the Clerk of the Court in Washington, D.C., on July 31. *See Ramos v. United States,* 231 Ct.Cl. ——, 683 F.2d 396, 399 (1982) (concurring op.). That plaintiff specifically filed in the Court of Claims to preserve his rights with respect to any running of the statute of limitations supports this result. Plaintiff was aware of the bar, yet filed beyond the eleventh hour.

■ The result is not changed by plaintiff's submission of documents indicating that he was put in retirement status effective August 1, 1964. These documents do not cast any serious doubt upon the retirement date of July 31.[2] Not surprisingly, plaintiff was to be regarded as in retirement status the day after he was discharged.

■ The result reached also rests on an alternative ground. Absent emergency injunctive relief, plaintiff's retirement date was June 30, 1964, and the petition filed in the Court of Claims on August 3, 1970, obviously exceeded the limitations period based on a June 30 date. The district court, however, extended its restraining order twice—ultimately to July 16, 1964. Plaintiff's cross-motion for summary judgment now embraces the June 30 date arguing that it is the only date, consonant with 14 U.S.C. § 285, on which plaintiff could have been retired. The action of the district court, at plaintiff's behest, cancelled that date; therefore, any opportunity lawfully to retire plaintiff under section 285 also was cancelled. This absurd proposition logically flows from regarding the restraining order

as changing the date of retirement. The district court appears to have recognized as much by concluding on summary judgment:

> Since the determination of the Selection Boards that plaintiff not be promoted will not be disturbed by this Court, the order retiring plaintiff from active service was clearly authorized under 14 U.S.C. § 285 . . ., and will likewise not be disturbed.

*Sohm v. Dillon,* 235 F.Supp. at 452–53. This decision issued on November 12, 1964, too late to resuscitate the June 30 retirement date by retiring plaintiff on July 31 *nunc pro tunc.*

The Coast Guard reordered plaintiff's retirement on July 31 because no other option then presented itself. Courts addressing the question of the effect of an injunction period on the date of discharge uniformly have taken the position that the discharge date is not extended by the grant of injunctive relief subsequently withdrawn. The date established for separation governs, not the date on which an individual was actually discharged or his separation accomplished, if that date results from the grant of injunctive relief. *Pauls v. Seamans,* 468 F.2d 361 (1st Cir.1972); *Fairbank v. Brown,* 506 F.Supp. 336 (D.D.C.1980); *see Cass v. United States,* 483 F.2d 220 (9th Cir.1973), *aff'd on other grounds,* 417 U.S. 72, 94 S.Ct. 2167, 40 L.Ed.2d 668 (1974).[3] If issuance of injunctive relief created new rights instead of maintaining the status quo, courts would be reluctant to enter injunctions postponing retirement, because even the grant of temporary relief could serve to secure ultimate relief, for example, by changing the applicant's eligibility for benefits. *See, e.g., Cass v. United States,* 483 F.2d 220.

In the circumstances of this case, plaintiff's retirement date did not change, even though plaintiff was not retired on that

---

**2.** Plaintiff admitted in an affidavit accompanying his district court complaint that he was notified that he would be retired on June 30, 1964. Thus, he did not challenge the validity of the original scheduled release date and should be held to his admission.

**3.** Plaintiff attempts to distinguish these cases on the ground that the injunctions were determined not to have been properly issued. The temporary restraining order in plaintiff's case was dissolved on the same basis.

date. To the extent that this court is called upon to exercise its discretion in plaintiff's favor by deeming his petition timely filed, that discretion will not be exercised because plaintiff already had the benefit of an extended retirement date.

*Relation Back to Filing Date of District Court Complaint*

■ Plaintiff argues that the pendency of his district court action tolled the statute of limitations. In *Ball v. United States,* 133 Ct.Cl. 841, 137 F.Supp. 740, *cert. denied,* 352 U.S. 827, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956), the Court of Claims held that the running of the statute was not tolled despite the fact that the pendency of district court proceedings not within the Court of Claims's jurisdiction may have deprived the court of jurisdiction over a pay claim later filed in the Court of Claims. 133 Ct.Cl. at 846, 848, 137 F.Supp. at 745; *see Lowry v. United States,* 125 Ct.Cl. 598 (1953).

The decision in *Ball* was not affected by 28 U.S.C. § 1406(c) (1976), added by amendment in 1960. Pub.L. No. 86–770 § 1, 74 Stat. 912 (1960). Until its repeal in 1982, section 1406(c) mandated transfer from district court, if the interest of justice would be served, of all actions within the exclusive jurisdiction of the Court of Claims. *See Larsen v. Hoffman,* 444 F.Supp. 245 (D.D.C. 1977). Upon transfer pursuant to section 1406(c) "the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court."

Plaintiff's 1964 complaint filed in district court sought only injunctive and declaratory relief to thwart plaintiff's retirement. Plaintiff argues, however, that his case was subject to transfer, presumably because his complaint was amended in 1978 to seek review of the BCMR decision and to embrace a claim for money damages. By that date, the Court of Claims had acquired jurisdiction over plaintiff's claim for reinstatement, as well. 28 U.S.C. § 1491 (1970), *as amended by* Pub.L. No. 92–415, 86 Stat. 652 (1972). *See generally Kirby v. United States,* 201 Ct.Cl. at 537. The Court of Claims and district court shared jurisdiction over plaintiff's amended complaint only if his amended complaint, filed as a class action, sought back pay of less than $10,000. 28 U.S.C. § 1346(a)(2) (1976). Although the petition in this court specified damages in excess of $250,000, the amended complaint was silent on the jurisdictional amount. Drawing the inference that the amount exceeded $10,000 based on the class action and damage claim for 14 years' back pay, the court still cannot allow plaintiff to avail himself of the argument that jurisdiction exclusively lay in the Court of Claims so as to deem his action commenced in 1964. The insurmountable difficulty is that the district court did not dismiss the complaint for lack of subject matter jurisdiction. *See Rothman v. United States,* 219 Ct.Cl. 595 (1979).

The consequence is harsh—the termination of 18 years of intermittent but dedicated litigation effort. The Court of Claims counseled in *Kirby* that its statute of limitations "must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records." 201 Ct.Cl. at 539 (citations omitted). These policies are served by enforcing the limitations bar in this case.

## CONCLUSION

Based on the foregoing, plaintiff's cross-motion for partial summary judgment is denied except insofar as the court holds that his statutory scheduled retirement date was June 30, 1964. Defendant's motion for summary judgment is granted. The petition will be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.